SHIMKO, Appellee,

v.

MARKS et al., Appellants.

[Cite as *Shimko v. Marks* (1993), 91 Ohio App.3d 458.]

Court of Appeals of Ohio,
Stark County.

No. CA–9322.

Decided Nov. 8, 1993.

*Don Benson,* for appellee.

*Ivan L. Redinger, Jr.,* Stark County Legal Aid Society, for appellants.

Gwin, Presiding Judge.

Defendants-appellants, Teresa and Dave Marks, appeal from the judgment entered in the Canton Municipal Court ordering them to vacate a residence at 1124 Piedmont Street Northeast, Canton, in a forcible entry and detainer action instituted by plaintiff-appellee, William Shimko. Appellants assign as error:

"I.   The trial court erred in its conclusion that no land contract exists between the parties.

"II.   The trial court erred in its conclusion that plaintiff-appellee's acceptance of the August 1992 payment was not a waiver of the R.C. § 1923.04 notice to leave the premises."

## FACTS

In November 1991, appellants sought to purchase from appellee the residence. Appellee, who was the fee simple owner of the property, accepted a $1,000 down payment from appellants and permitted them to move into the house "with the understanding the land contract would be wrote [*sic*]." It was agreed between the parties that the purchase price of the house would be $13,000, with a $1,000 down payment and the balance to be paid at $150 per month. Although appellee claimed that the parties did not reach an agreement regarding the interest rate on the unpaid balance, a receipt signed by appellee and dated November 17, 1991, indicated that the $1,000 down payment had been received by appellee and the above terms were memorialized therein. Also included on the receipt was a statement that "no interest" would be charged.

Appellee admitted that he neither registered the residence as rental property with the city of Canton nor made repairs to the property after appellants took possession of it. In fact, appellee stated that it was understood between the parties that appellants would make all repairs to the property.

On June 9, 1992, appellee served upon appellants a thirty-day notice purporting to terminate a month-to-month tenancy pursuant to R.C. 5321.17. Appellants were current in their monthly payments at the time of service. Following service, appellants tendered the monthly payments for June, July and August to appellee's counsel, who accepted them. On each of the payments tendered to appellee's counsel was the notation that the payment was "for house payment of 1124 Piedmont Northeast." Appellee's attorney retained the three payments until late October, when they were all cashed. All subsequent monthly payments were made to the Canton Municipal Court.

The matter proceeded to trial, wherein the court found in favor of appellee. The court specifically found that appellants had "failed to show sufficient actions consistent with their avowed intention to enter into a land contract agreement" because their conduct with respect to the care of the premises was not consistent with that of future owners. The court further determined that the receipt dated November 17, 1991, and signed by appellee was "insufficient to comply with the requirements of R.C. § 5313.02." Finally, the court determined that appellee's

action in cashing the three checks tendered to his counsel was not a waiver of the notice to vacate the premises in question.

I

Through their first assignment, appellants maintain that the trial court erred in its conclusion that no land contract existed between the parties. We agree.

It is axiomatic that agreements for the sale of real estate come within the Statute of Frauds and must be in writing and signed by the party to be charged. R.C. 1335.05. However, part performance of an oral contract for the sale of real estate can be sufficient to remove the contract from the operation of the statute. *Delfino v. Paul Davies Chevrolet, Inc.* (1965), 2 Ohio St.2d 282, 31 O.O.2d 557, 209 N.E.2d 194.

R.C. 5313.02 requires the following minimum contents of a land installment contract:

"(A) Every land installment contract shall be executed in duplicate, and a copy of the contract shall be provided to the vendor and the vendee. The contract shall contain at least the following provisions:

"(1) The full names and post office address of all the parties to the contract;

"(2) The date when signed by each party;

"(3) A legal description of the property conveyed;

"(4) The contract price of the property conveyed;

"(5) Any charges or fees for services which are includible in the contract separate from the contract price;

"(6) The amount of the vendee's downpayment;

"(7) The principal balance owed which is the sum of items (4) and (5) less item (6);

"(8) The amount and due date of each installment payment;

"(9) The interest rate on the unpaid balance and the method of computing the rate;

"(10) A statement of any encumbrances against the property;

"(11) A statement requiring the vendor to deliver a deed of general warranty on completion of the contract, or such other deed as is available when the vendor is legally unable to deliver a deed of general warranty;

"(12) A provision that the vendor provide evidence of title in accordance with the prevailing custom in the area where the property is located;

"(13) A provision that, if the vendor defaults on any mortgage on the property, the vendee can pay on said mortgage and receive credit on the land installment contract;

"(14) A provision that vendor shall cause a copy of the contract to be recorded;

"(15) A requirement that the vendee be responsible for the payment of taxes, assessments, and other charges against the property from the date of the contract, unless agreed to the contrary;

"(16) A statement of any pending order of any public agency against the property."

█ We conclude the receipt signed November 17, 1991, by the party to be charged with the land contract, appellee, was a sufficient memorandum of a contract for the sale of real estate by land contract because it substantially complied with the Statute of Frauds and the statutory requirements set forth in R.C. 5313.02.

Examination of the receipt demonstrates that it complied with a significant number of the requirements set forth in R.C. 5313.02. Specifically, the receipt contains the date appellee executed it, the address of the property conveyed, the agreed contract price of the property, the amount of appellants' downpayment, the principal balance owed, the amount of each installment payment, and the interest rate on the unpaid balance.

Appellee asserted at trial that the parties had not agreed on the interest rate and that the notation "no interest" was not on the receipt at the time he signed same. While the trial court noted this argument in its judgment, it made no specific finding that it believed appellee. Appellee conceded that he did not remember whether the interest rate was stated on the receipt on November 17, 1991.

█ As to the issue of part performance, we find overwhelming evidence in the record that the parties acted consistently with a vendee/vendor relationship rather than a lessee/lessor relationship after the signing of the receipt. It was uncontroverted that appellee failed to register the property as rental property, made no repairs on the property, and believed it was the responsibility of appellants to make all repairs. Appellee even testified that while he believed at the time he signed the receipt that appellants would be purchasing the property by land contract, he did not believe it would be "a deal" until it was put in writing.

From this, we conclude that the trial court erred in its determination that a land contract did not exist between the parties, and we sustain appellant's first assigned error.

## II

Through their second assignment, appellants maintain that the trial court erred in its conclusion that appellee's acceptance of the payments made to appellee's attorney was not a waiver of R.C. 1923.04. We agree.

R.C. 1923.04 provides that proper service of the three-day notice to vacate the premises is a condition precedent to the commencement of a forcible entry and detainer action. Therefore, if the lessor waives the notice to vacate, the action has not properly commenced and it is reversible error for the trial court to proceed on the merits of the case. *Associated Estates Corp. v. Bartell* (1985), 24 Ohio App.3d 6, 9, 24 OBR 28, 30, 492 N.E.2d 841, 845.

Although the question of whether a landlord waives the notice requirement is a question of fact, the court in *Bartell, supra,* 24 Ohio App.3d at 9, 24 OBR at 30, 492 N.E.2d at 845, noted:

" * * * By accepting *'future rent payments,'* after serving a notice to vacate, the landlord is deemed to have waived the notice to vacate as a matter of law since such acceptance is inconsistent with the landlord's notice to vacate. [*Presidential Park Apts. v. Colston* (App.1980), 17 O.O.3d 220, 221.] The landlord does not waive the notice to vacate if, during pendency of the suit, the landlord accepts rent from a tenant in occupancy for 'liability already incurred.' *Id.*" (Emphasis *sic.*)

We conclude as a matter of law that appellee's acceptance of the future house payments waived his notice to vacate and that the trial court committed reversible error in proceeding on the merits of the case.

Accordingly, we sustain appellants' second assigned error.

For the foregoing reasons, the judgment entered in the Canton Municipal Court is reversed.

*Judgment reversed.*

WILLIAM B. HOFFMAN and READER, JJ., concur.