Appellant James Aldridge has appealed the judgment of the Lorain County Court of Common Pleas that entered summary judgment in favor of Appellee Fred Jones, Administrator of the Estate of Rafael Asencio, and denied Appellant's motion for summary judgment on his cross-claim. Appellant has raised three assignments of error: (1) that the trial court erred by refusing to consider parole evidence of a prior or contemporaneous statement regarding the written agreement between appellant and Mr. Asencio; (2) that the trial court erred by granting Appellee's motion for summary judgment and by denying Appellant's motion for summary judgment on his cross-claim; and (3) that the trial court erred by awarding monetary damages to Appellee. This Court affirms the judgment of the trial court as it pertains to the issues of parole evidence, and the granting, and denial, of summary judgment. However, we reverse that portion of the judgment which awarded monetary damages to Appellee.
 I.
On November 27, 1993, Mr. Asencio and Appellant entered into a land contract for the sale and purchase of the property located at 503 West 20th Street in Lorain, Ohio. The contract was effective December 1, 1993, and provided that Appellant make a down payment of $3,000, followed by monthly payments of $400 for a period of seven years, for a total payment of $30,000. Appellant made the monthly payments pursuant to the agreement from December 1993 until April 1996. During April 1996, Appellant learned that Mr. Asencio had died and that he was in default on the mortgage for the subject property of their agreement. Appellant further learned that the property was subjected to a mortgage and several liens prior to the execution of the land installment contract. The property became subject to additional liens after the execution of the land contract. Accordingly, Appellant stopped making the monthly payments in April 1996.
On December 16, 1996, Standard Federal instituted this action against Mr. Asencio, and several other lien holders, to foreclose on the mortgage on the property of 503 West 20th Street. Appellee moved to intervene as the administrator of Mr. Asencio's estate. The trial court granted the motion, and Appellee answered the complaint and cross-claimed against Appellant for breach of the land contract, and sought to foreclose on that land contract. Appellee alleged that Appellant had failed to make payments in accordance with the contract, beginning on April 1, 1996, and continuing to the date of this action. He further alleged that Appellant had not paid any of the real estate taxes as required by the contract. Appellee, therefore, sought to recover the amount of unpaid monthly payments, plus interest, and the amount of unpaid property taxes, plus assessments and costs.
Appellant answered the complaint and cross-claimed against Appellee for breach of the land contract based upon the outstanding mortgage and liens on the property. Appellant alleged that at the time he entered the land contract, Mr. Asencio indicated that the property was free of all liens and other encumbrances. He alleged that the existence of the mortgage, and other liens, on the property constituted a breach of the land contract. Appellant further alleged that Mr. Asencio agreed to make certain improvements to the property that were never performed. He also claimed that he made certain improvements to the property, and suffered damages by Mr. Asencio's alleged breach of the land contract.
Appellant and Appellee both moved the trial court for summary judgment. The trial court found that a valid land contract existed between Appellant and Mr. Asencio and that Appellant breached this contract by failing to make payments. The court also found that Mr. Asencio had not breached the contract by having the mortgage and other liens on the property since the time for his performance had not yet arrived because Appellant had not yet completed payment. The court further found that the use of parole evidence to establish whether Mr. Asencio had in fact promised to make improvements to the property was prohibited by the Statute of Frauds. The court entered summary judgment in favor of Appellee, and denied Appellant's motion for summary judgment. Appellant has timely appealed.
 II. A. Second Assignment of Error[1] The trial court erred in granting summary judgment in favor of the [Appellee] and against [Appellant] upon the [Appellee's] cross-claim and granting summary judgment in favor of the [Appellee] and against [Appellant] on [Appellant's] cross-claim.
Appellant's second assignment of error presents several issues for our consideration. We have rearranged them for ease of discussion, and will address each in turn.
We begin by noting that when reviewing the trial court's grant of summary judgment, this Court must apply the same standard used by the trial court. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. As we stated inFeeney v. Eshack (Aug. 19, 1998), Summit App. Nos. 18464, 18473, and 18573, unreported:
 Pursuant to Civ.R. 56(C), summary judgment should be granted where no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and in viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to that party.
Id. at. 3-4. According to Vahila v. Hall (1997), 77 Ohio St.3d 421, a party moving for summary judgment has certain obligations that must be met. Id. at 428. As the court stated:
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
(Alteration in original; emphasis omitted.) Id. at 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. After reviewing the record in this case, this Court finds that Appellee failed to present specific facts that affirmatively demonstrated that Appellant had no evidence to support his claims. Appellee's naked assertion that Appellant stopped making payments pursuant to the land installment contract is not sufficient to entitle him to judgment as a matter of law. Thus, summary judgment in favor of Appellee was improvidently granted by the trial court. We turn next to Appellant's argument that he was entitled to summary judgment
Appellant first argues that the trial court erred by denying his motion for summary judgment because he was excused from performing under the terms of the contract as a matter of law. Specifically, Appellant argues that his discovery of encumbrances on the property should excuse his performance of payment under the contract. In order to fully analyze Appellant's claim, we first need to consider what constitutes a valid land contract.
R.C. 5313.01 defines a land contract as:
 an executory agreement which by its terms is not required to be fully performed by one or more of the parties to the agreement within one year of the date of the agreement and under which the vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation.
R.C. 5313.02 sets forth the minimum requirements that must be contained in the contract:
 (A) Every land installment contract shall be executed in duplicate, and a copy of the contract shall be provided to the vendor and the vendee. The contract shall contain at least the following provisions:
 (1) The full names and then current mailing addresses of all the parties to the contract;
 (2) The date when the contract was signed by each party;
 (3) A legal description of the property conveyed;
 (4) The contract price of the property conveyed;
 (5) Any charges or fees for services that are includable in the contract separate from the contract price;
(6) The amount of the vendee's down payment;
 (7) The principal balance owed which is the sum of divisions (A)(4) and (5) less division (A)(6) of this section;
 (8) The amount and due date of each installment payment;
 (9) The interest rate on the unpaid balance and the method of computing the rate;
 (10) A statement of any encumbrances against the property conveyed;
 (11) A statement requiring the vendor to deliver a general warranty deed on completion of the contract, or another deed that is available when the vendor is legally unable to deliver a general warranty deed;
 (12) A provision that the vendor provide evidence of title in accordance with the prevailing custom in the area in which the property is located;
 (13) A provision that, if the vendor defaults on any mortgage on the property, the vendee can pay on that the [sic] mortgage and receive credit on the land installment contract;
 (14) A provision that the vendor shall cause a copy of the contract to be recorded;
 (15) A requirement that the vendee be responsible for the payment of taxes, assessments, and other charges against the property from the date of the contract, unless agreed to the contrary;
 (16) A statement of any pending order of any public agency against the property.
(Emphasis added.) The trial court in this case found that although all of the statutory requirements were not complied with, a valid land contract existed between Appellant and Mr. Asencio. The court relied upon a Fifth District Court of Appeals decision which held that substantial compliance with the statutory requirements of R.C. 5313.02 was sufficient to establish a valid land installment contract. See Shimko v.Marks (1993), 91 Ohio App.3d 458, 462. Several other districts have held that noncompliance with R.C. 5313.02 does not make the contract void ab initio. See Young v. Hodapp (Dec. 29, 1986), Butler App. No. CA 85-08-094, unreported, 1986 Ohio App. LEXIS 9534, at *7 ("While the disputed contract fails to meet the specific minimum requirements of the statute, this failure does not by itself make the contract void and unenforceable.");DiYorio v. Porter (June 24, 1981), Mahoning App. No. 81CA5, unreported, 1981 Ohio App. LEXIS, at *5 (fact that written contract did not meet minimum requirements of R.C. 5313.02 does not by itself, make such contract void ab initio and unenforceable as between the parties). However, this Court has held that material noncompliance with the requirements of R.C.5313.02 renders the underlying contract voidable by the parties. Woodling v. Gale (Nov. 23, 1977), Summit App. No. 8568, unreported, at 3. In Woodling, we stated that although the vendees sought monetary damages, they effectually had claimed that the contract was voidable. Id. at 2. Therefore, the omission of the specific provisions of R.C. 5313.02(A)(10) and (16) rendered the contract voidable by the vendees. Id. at 3.
In the case sub judice, the parties failed to include information pertaining to R.C. 5313.02(A)(7), (9)-(14), and (16) in their purported land installment contract. In particular, Mr. Asencio failed to provide a statement of any encumbrances against the property at the time the parties entered into the agreement. See R.C. 5313.02(A)(10). Mr. Asencio also placed additional encumbrances upon the property after the execution of the land contract with Appellant and failed to provide Appellant notice of such encumbrances. Appellant has argued that he should be excused from the contract based upon Appellee's failure to disclose the existing mortgage and the additional liens on the property. Thus, he has argued that the underlying contract is voidable due to its exclusion of the disclosure provisions required by R.C.5313.02. Based upon these facts, this Court finds that the failure to make the statutory disclosures required by R.C.5313.02(A)(7), (9)-(14), and (16) constituted a material omission under R.C. 5313.02. Thus, the purported land contract dated November 27, 1993 is voidable, and Appellant is excused from his required performance under the terms of the agreement. In addition, in his response to Appellant's motion for summary judgment, Appellee acknowledged that the purported land installment contract did not contain all the required elements pursuant to R.C. 5313.02. Therefore, the burdens under Vahila,supra, have been met, and the land installment contract was voidable due to its failure to substantially comply with the statutory requirements of R.C. 5313.02. Thus, the trial court erred by denying Appellant's motion for summary judgment, and his assignment of error is sustained pertaining to these issues. However, this does not end our inquiry. After determining that the purported land contract was voidable, we next must determine the nature of the relationship between Appellant and Appellee.
The record reflects that Appellant paid Mr. Asencio $3,000 as a down payment and took possession of the property during December 1993. He remained in the residence until December 1997. During this time, Appellant made monthly payments of $400, beginning in December 1993 and continuing until April 1996. In April 1996, and continuing until the property was sold on December 31, 1997, Appellant withheld all payments pertaining to the property. Appellant also claims he made significant improvements to the property during his possession. Appellant, therefore, is liable to Appellee for the fair rental value of the property during the time of his possession, less the amount of his down payment, the costs of improvements, and the amount paid over the fair rental value in the monthly payments made from December 1993 until April 1996. Accordingly, the issues raised by Appellant's assignment of error as to his right to recover damages as a matter of law are overruled. The cause must be remanded to the trial court for determination of the fair rental value of the property, the costs of improvements made by Appellant, and the balance due to either Appellant or Appellee.
Appellant also has argued that Appellee failed to present evidence that he complied with the statutory prescriptions pertaining to foreclosure on a land contract. Based upon our determination that the land contract was voidable by Appellant, this issue is moot and need not be further considered. Appellant's second assignment of error is sustained in part, and overruled in part.
 B. First Assignment of Error The trial court erred when it refused to consider parole evidence of prior or contemporaneous oral statements which did not vary the terms of the written agreement between [Appellant] and Rafael Asencio.
Appellee claims in his first assignment of error that the trial court erred by failing to consider parole evidence regarding Mr. Asencio's alleged promise to perform improvements to the property made at the time the parties entered the land contract. Based upon our disposition of Appellant's second assignment of error, this issue has been rendered moot and requires no further consideration.
 C. Third Assignment of Error The trial court erred in awarding monetary damages to the [Appellee].
Finally, Appellee claims that the trial court erred in its evaluation of Appellee's damages. This issue has also been rendered moot by our disposition of Appellant's second assignment of error, and it need not be addressed further by this Court.
 III.
Appellant's first and third assignments of error are overruled as being moot. Appellant's second assignment of error is sustained in part, and overruled in part. The cause is remanded to the trial court for further disposition consistent with this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 -------------------- JOHN W. REECE FOR THE COURT
BAIRD, P. J., CARR, J., CONCUR
[1] Appellant has presented three assignments of error for our review. We have rearranged the assignments of error for ease of discussion.