OPINION
Appellant Whitney Whitacre appeals a judgment of the Canton Municipal Court dismissing his forfeiture action against appellee Conway A. Stark:
ASSIGNMENTS OF ERROR
I. THE TRIAL COURT ERRED WHEN IT DISMISSED THE FORFEITURE ACTION ON THE BASIS THAT DEFENDANT-VENDEE HAD PAID IN EXCESS OF TWENTY PER CENT TOWARD THE PURCHASE PRICE.
II. THE TRIAL COURT ERRED WHEN IT FOUND THAT THERE WAS NOT SUBSTANTIAL COMPLIANCE WITH THE MINIMUM CONTENTS OF A LAND CONTRACT PURSUANT TO OHIO REVISED CODE 5313.02.
In January of 1994, appellant entered into a written land installment contract with Conway Stark and his girlfriend, Bobbi Richards, for the sale of a house and lot in Canton, Ohio. The pre-printed contract included a legal description of the property, the agreed on purchase price of $24,000, and a down payment of $500, and provided for monthly payments in the amount of $288.04, to be paid in 180 installments beginning February 20, 1994. The space designated for rate of interest per annum was left blank. The contract was not notarized or recorded. Appellee took possession of the property, and began making monthly payments. On April 24, 1994, a new contract was executed, removing appellee's girlfriend as a buyer. The terms of the contract were identical to the first contract. However, this time the contract was properly witnessed, notarized, and recorded. Again, the space designated for the rate of interest was left blank. However, the contract provided as follows:
"The sum of $500.00 Dollars has been paid by the Vendee upon the signing of this contract, the receipt of which is hereby acknowledged, leaving a principal balance owed by the Vendee of Twenty Three Thousand Five Hundred Dollars ($23,500), bearing interest at the rate of percent per annum, principal and interest being payable in consecutive 180 installments of $288.04 Dollars each on the 20th day of each month, beginning February 20, 1994. Said payments shall be applied first to interest and the balance to principal, interest to be ratably reduced from and after each part payment of principal. Additional partial payments or entire payment of the principal may be made at any time.
Appellee defaulted on the contract, failing to make payments for December of 1997, and January, February, and March of 1998. On March 26, appellant served appellee with a written ten-day redemption notice. On May 6, appellant filed a forfeiture action in the Canton Municipal Court. A forfeiture hearing was conducted before a magistrate. The magistrate dismissed the forfeiture action, finding that the contract did not comply with the requirements of R.C. 5313.02. The magistrate further found that a forfeiture action was not proper pursuant to R.C. 5313.07, as appellee had paid an amount equal to or in excess of 20 percent of the purchase price. The court therefore concluded that the action must be brought by way of a proceeding for foreclosure. Following a hearing on objections to the magistrate's report, the court entered judgment in accordance with the decision of the magistrate.
 I
Appellant argues that the court erred in finding that appellee had paid in excess of 20 percent of the purchase price. The court apparently concluded that all payments made by appellee were to be applied to the principal purchase price, as there was no interest rate percentage written into the contract. It is not clear from the judgment of the court whether the court looked at the face of the contract itself, and concluded that the technical omission of the interest rate percentage established that there was no interest, or if the court considered extrinsic evidence by way of the testimony of the parties to shed light on an ambiguous contract term. Regardless of which method the court used to reach its decision, the decision of the court is incorrect. Although the space for an interest percentage rate is left blank in the contract, the payment terms of the contract do not make sense in the absence of interest. The purchase price of the house is $24,000. Appellee was to make 180 payments of $288.04. Simple multiplication demonstrates that over the course of the contract, appellant would pay $51,847.20. Therefore, the contract does not make sense in the absence of interest. In addition, the contract stated that payments shall be applied first to interest, and the balance to principal, interest to be ratably reduced after each part payment of principal. Appellant's total payment in the amount of $14,690, clearly did not exceed 20 percent of the total purchase price calculated by the terms of the contract. If the court concluded that the contract was ambiguous concerning the payment of interest, the undisputed testimony at trial established that interest was to be paid on the contract. Appellant claimed that the agreed upon interest rate was 12.395%. Appellee testified that he was not sure of the interest rate percentage, but he believed the interest rate would be either eight or nine percent. Appellee's claim that the interest rate was to be eight or nine percent does not correspond to the mathematical calculations on the face of the contract. Nevertheless, even if the court determined the interest rate on the loan was eight percent, appellee still would have paid less than 20 percent of the purchase price of the home. The court erred in concluding that forfeiture was not appropriate, on the basis that appellee paid more than 20% of the purchase price. The first assignment of error is sustained.
 II
The court also found the contract failed to substantially comply with the requirements of the R.C. 5313.02. This statute sets out a list of "minimum contents" that should be contained in a land contract. Of the sixteen listed provisions in the statute, the court found that appellant failed to comply with three: stating interest on unpaid balance, failing to record the land contract, and failing to deliver the amortization schedule to appellee. This court has previously found that substantial compliance with R.C. 5313.02 is sufficient to render a land installment contract valid. Shimko v. Marks (1993), 91 Ohio App.3d 458. Even accepting the findings of the magistrate, appellant substantially complied with the statute, by complying with thirteen of the sixteen elements. Further, it was apparent from the undisputed evidence at the forfeiture hearing that the land contract was recorded by appellee's attorney. Appellee testified at the forfeiture hearing that he had in fact received an amortization schedule, showing the amount credited to the principal and interest, and the balance due. The only omission from this statement was the percentage rate of interest. The court erred in concluding that appellant failed to substantially comply with R.C. 5313.02. The second assignment of error is sustained.
The judgment of the Canton Municipal Court dismissing appellant's complaint is reversed. This case is remanded to that court for further proceedings according to law.
By Gwin, P.J., Farmer, J., and Edwards, J., concur