OPINION
This timely appeal arises from a Writ of Eviction from the Youngstown Municipal Court of Mahoning County, Ohio. For the following reasons, the judgment of the trial court is reversed.
We first note that Appellee has not filed a brief in this matter. Pursuant to App.R. 16 (C), we may accept Appellant's statement of the facts and issues as correct and reverse the judgment if Appellant's brief reasonably appears to sustain her position.
On June 1, 1998, Appellant Shirley Higgins, a 60-year-old indigent woman, entered into a lease with Appellee, Youngstown Metropolitan Housing Authority, for the premises located at 1090 Griffith Street, #487, Youngstown. The lease stated that, "[m]ore than one late payment of rent and charges in any six (6) month period shall be cause for eviction." (Lease, sec. 3 (IV)). The lease also stated that, "RESIDENT * * * shall refrain from any drug-related criminal activity in or near the Apartment. RESIDENT * * * shall refrain from any drug-related criminal activity at all times and places." (Lease, sec. 9 (W)). The lease further provided that any drug-related criminal activity shall be cause for immediate eviction. (Lease, sec. 9 (W) (1)).
On December 8, 1998, at the intersection of Oakland and Superior in Youngstown, police stopped Appellant for failure to stop at a stop sign. During the stop the officer saw suspected crack cocaine on the front seat of the car. Appellant was charged with drug abuse in violation of R.C. § 2925.11. Laboratory tests confirmed that the substance found in the car was cocaine.
On December 21, 1998, Appellee sent to Appellant by regular U.S. mail a Notice of Intent to Terminate Lease. The notice set the date of termination of the lease as January 21, 1999. On January 29, 1999, Appellee sent to Appellant, also by regular U.S. mail, a Notice to Leave Premises which stated that if she left the premises within three (3) days no further legal action would be taken to evict her. On February 17, 1999, Appellee filed a Complaint in Forcible Entry and Detainer in Youngstown Municipal Court alleging that Appellant was in default of her lease due to repeated late payments of rent and due to a serious violation of the terms of the lease, namely, engaging in drug-related criminal activity.
On March 10, 1999, the parties appeared before a court magistrate. Appellant appeared pro-se and requested a continuance because her lawyer was ill. That motion was denied. The two arresting officers testified and other evidence was presented, including the lab test results. The magistrate determined that a writ of restitution should be issued.
On March 15, 1999, Appellant filed pro-se objections to the magistrate's report challenging the court's denial of a continuance and the violation of unspecified constitutional rights stemming from her eviction. On March 22, 1999, the trial court filed a journal entry overruling Appellant's objections and adopting the findings and decision of the magistrate to issue the writ. On March 24, 1999, the trial court granted a stay of execution of the eviction. On April 2, 1999, Appellant filed her notice of appeal.
Appellant raises two assignments of error which argue that she was denied due process of law and that the evidence did not support the issuance of a writ of restitution. However, we will not address those assignments of error as we determine from the record that the trial court lacked subject matter jurisdiction over the forcible entry and detainer action against Appellant.
Neither party raised the issue of subject matter jurisdiction to the trial court. However, it is well settled that even when not raised by either party, the issue of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings, including for the first time on appeal. Foxv. Eaton Corp. (1976), 48 Ohio St.2d 236, 238, overruled on other grounds Manning v. Ohio State Library Board (1991), 61 Ohio St.3d 24, paragraph one of the syllabus; Civ.R. 12 (H) (3).
R.C. Chapter 1923 governs actions in forcible entry and detainer. R.C. § 1923.04(A) states in relevant part:
 "* * * a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a writ ten copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted."
(Emphasis added.)
Proper service of this notice according to the statute is a necessary condition precedent to the commencement of a forcible entry and detainer action. Shimko v. Marks (1993), 91 Ohio App.3d 458,463; Associated Estates Corp. v. Bartell (1985), 24 Ohio App.3d 6,9. Service of notice in a manner not specified in the statute is not proper. Manifold v. Schuster (1990), 67 Ohio App.3d 251,258. In other words, the trial court only has jurisdiction to hear a forcible entry action when the complaining landlord has satisfied his obligation to give his tenant proper notice prior to commencing any court action.
In the present case, the record reflects that Appellee's notice of intent to terminate Appellant's lease and notice for Appellant to leave the premises, attached to the complaint in forcible entry, were forwarded to Appellant by "Regular Mail." On its face, this does not satisfy the specific statutory mandate that the complainant must notify the tenant by certified mail, return receipt requested or by personal delivery to the person, abode or subject premises. R.C. § 1923.04(A).
As Appellee failed to properly meet the clear requirements of R.C. § 1923.04(A), the trial court was without jurisdiction to hear the forcible entry action against Appellant. Accordingly, we reverse the decision of the trial court as void for lack of subject matter jurisdiction.
Cox, P.J., concurs, Vukovich, J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE