This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Shirley Dolton, appeals from the decision of the Wayne County Municipal Court, which granted appellee, Carolyn King, restitution of the premises in question based upon nonpayment of rent and holding over the term. This Court reverses.
 I. {¶ 2} Appellant purchased a mobile home in August of 1988. In September of 1988, appellant entered into a lease agreement with Maurice Ruckman, appellee's father. Upon Ruckman's death, appellee became the owner of the trailer park in October 1997. For the remainder of 1997, appellee operated the trailer park under the same rules as her father.
 {¶ 3} In December of 1997, appellee sent leases to all tenants to begin in January of 1988. The new leases left the rent the same as it had been when appellee took over ownership of the trailer park, but appellee did create some rules and regulations to be followed. All tenants in the trailer park except appellant signed and returned their leases for the calendar year 1998. However, appellant continued to pay rent in the amount of $218 per month.
 {¶ 4} In December of 1998, appellee sent leases to all tenants for the calendar year 1999. The lease appellee sent appellant raised appellant's rent from $218 to $230 per month. Appellant did not sign the lease, but continued to pay appellee $218 per month.
 {¶ 5} Appellant and appellee continued in this pattern without either a written or oral agreement until August 1, 2001, when appellant's check for $218 was returned by the bank for lack of sufficient funds. Appellant paid no rent from August 1, 2001, to January 2, 2002. Appellant claimed that she had overpaid her rent from January 1999 to July 2001 and, therefore, she did not owe rent for the period of August through December 2001. On January 2, 2002, appellant begin paying rent in the amount of $200. Appellee did not cash any of appellant's checks from January through July 2002. Appellee did not, however, return the checks to appellee, nor did she notify appellant that she was not accepting the checks as payment of appellant's rent. Rather, appellee kept the checks.
 {¶ 6} On September 25, 2001, appellee gave appellant a thirty-day notice to leave the mobile home park on or before October 31, 2001, for nonpayment of rent and holding over her term. On October 26, 2001, appellee served a three-day demand notice pursuant to R.C. 1923.04. On January 29, 2002, appellee sent appellant a second thirty-day notice terminating the tenancy for nonpayment of rent and holding over her term. On February 25, 2002, a second three-day demand notice was delivered to appellant, followed by a third three-day demand notice on June 1, 2002. Appellee filed her complaint on June 7, 2002.
 {¶ 7} On July 17, 2002, the trial court entered judgment granting appellee restitution of the premises. Appellant timely appealed, setting forth two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT DISMISSING THE CASE, BASED ON PLAINTIFF-APPELLEE'S ACCEPTANCE OF DEFENDANT-APPELLANT'S RENT CHECKS FOR THE PERIOD UP TO AND AFTER SERVICE OF THE REQUIRED THREE-DAY NOTICE, WHICH ACCEPTANCE WAIVED THE THREE-DAY NOTICE GIVEN."
 {¶ 8} In her first assignment of error, appellant argues that the appellee waived the three-day notice by continuing to accept monthly rental payments from appellant after the third three-day notice was given. This Court agrees.
 {¶ 9} Chapter 3733 of the Ohio Revised Code governs the rights and responsibilities of operators and tenants of manufactured home parks. R.C. 3733.09.1 provides, in relevant part:
 "(A) Notwithstanding section 3733.09 of the Revised Code, a park operator may bring an action under Chapter 1923. of the Revised Code for possession of the premises if any of the following applies:
"(1) The resident is in default in the payment of rent.
"***
"(3) The resident is holding over the resident's term."
R.C. 1923.04 provides, in pertinent part:
 "(A) Except as provided in division (B) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted."
 {¶ 10} Under R.C. 1923.04, a landlord is required to give his tenant at least three days notice before beginning an action in forcible entry and detainer. An action in forcible entry and detainer cannot be maintained if the landlord has waived his notice to vacate to the tenant. Shimko v. Marks (1993), 91 Ohio App.3d 458, 463.
 {¶ 11} "The generally accepted rule in Ohio is that, by acceptingfuture rent payments after serving a notice to vacate, a landlord waives the notice as a matter of law, as such acceptance is inconsistent with the intent to evict." Sholiton Indus. v. Royal Arms, Ltd. (June 4, 1999), 2nd Dist. No. 17480, citing Associated Estates Corp. v. Bartell
(1985), 24 Ohio App.3d 6, 9.
 {¶ 12} The logic underlying the waiver rule is that: "[a]fter serving a notice to vacate, it is inconsistent for a landlord to accept and retain payments in advance." Presidential Park Apts. v. Colston
(1980), 17 Ohio Op.3d 220, 221.
 "When a landlord accepts a rent check for any period after the date of acceptance, he indicates his willingness to permit the tenant to stay through that period. Such a willingness is inconsistent with a notice to vacate and thus effects a waiver. This inconsistency does not extend to those situations where rent is accepted for obligations already incurred." Sholiton Indus. citing Colston at 221.
 {¶ 13} In this case, appellee is not arguing that she accepted appellant's checks from March through July 2002 as payment for past due rent. Therefore, the issue in this case is whether appellee accepted rent checks from appellant after serving a three-day demand notice on February 25, 2002, and thereby waived the three-day notice required in R.C. 1923.04.
 {¶ 14} In Pace v. Buck (Feb. 7, 1949), 10th Dist. No. 4069, paragraph one of syllabus, the court held:
 "Where plaintiff received a money order sent by defendant in payment of rent and retained such order in her possession until the day of trial when it was tendered into court and ordered held by the court pending the outcome of the litigation, and plaintiff failed to notify defendant that the order was not accepted in payment of rent or that the order was being held for evidentiary purposes, such tender into court did not constitute a tender to defendant, and the retention of such order under such circumstances amounted to an acceptance of it in payment of rent."
 {¶ 15} In the present case, appellee retained the checks appellant tendered for her rent for the months of January through July 2002. Appellee did not inform appellant that the checks were not accepted as payment of rent or that the checks were being held for evidentiary purposes. On January 29, 2002, appellee sent appellant a thirty-day notice terminating her tenancy and a three-day demand notice on February 25, 2002. Appellee's failure to notify appellant either that she was not accepting the rent checks from March through July 2002 as payment of rent or that she was retaining the checks for evidentiary purposes constituted an acceptance in payment of the rent. Therefore, appellee waived the three-day notice requirement in R.C. 1923.04. Appellant's first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER AND WEIGH THE EQUITIES OF THE CASE."
 {¶ 16} This Court's disposition of appellant's first assignment of error renders this assignment of error moot. We therefore decline to address it. See App.R. 12(A)(1)(c).
 III. {¶ 17} Appellant's first assignment of error is sustained and appellant's second assignment of error is moot. The judgment of the Wayne County Municipal Court is reversed.
BAIRD, P.J. and BATCHELDER, J. CONCUR