GOLLIHUE et al., Appellants,

v.

RUSSO et al., Appellees.

[Cite as *Gollihue v. Russo,* 152 Ohio App.3d 710, 2003-Ohio-2663.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–978

Decided May 22, 2003.

Arthur G. Wesner, for appellants.

J. Harris Leshner, for appellees.

---

LAZARUS, Judge.

{¶ 1} Plaintiffs-appellants, David W. Gollihue and Tina M. Gollihue, appeal from a judgment of the Franklin County Municipal Court granting the summary judgment motion of defendants-appellees, Arthur L. Russo and Nancy A. Russo.

{¶ 2} On February 7, 1999, appellees, as seller, and appellants, as buyer, entered into an agreement concerning a house and appurtenant land located at 984 Exeter Avenue in Whitehall, Ohio. The relevant portion of said agreement, which was executed on a Columbus Bar Association standard form real estate purchase contract, provides:

{¶ 3} "On the following terms: Purchase price to be 71,500. Buyer will purchase home on land contract. Buyer will put a down payment of 2500.00. Buyer will pay off land contract in 2 years. Payment including principal, intrest [sic] taxes & insurance will be 727.19. Selleris [sic] realtor in the state of Ohio. Buyer will pay $500.00 on 2/8/99, buyer will pay $1000.00 by 2/12/99, buyer another [sic] will pay anoher [sic] $1000.00 by 2/15/99. Poession [sic] to be no later than 3/15/99."

{¶ 4} It is undisputed that appellants paid appellees the $2,500 down payment due under the agreement and took possession of the property. It is also undisputed that appellants made monthly payments to appellees of $727.19 through March 2001. Thereafter, a dispute arose between appellants and appellees, which ultimately resulted in appellants' vacating the premises.

{¶ 5} On August 27, 2001, appellants brought an action against appellees in the Franklin County Municipal Court. Appellants' complaint alleged that the agreement they entered into with appellees did not satisfy the statutory requirements for a land contract, that their relationship with appellees was therefore one of landlord and tenant, that the initial $2,500 they paid appellees under the agreement amounts to a security deposit, and that appellees' conduct in retaining the security deposit violated R.C. 5321.16, entitling appellants to an award of double damages.

{¶ 6} The parties filed cross-motions for summary judgment. On June 5, 2002, the trial court issued a decision granting appellees' motion for summary judgment and denying appellants' motion for summary judgment. In its decision, the trial court held that the agreement constituted a land contract and that appellants' failure to pay off the land contract within two years constituted a breach of the agreement, which resulted in appellants' forfeiture of their $2,500 down payment. Appellants appeal therefrom, assigning the following errors:

{¶ 7} "1. The trial court erred as a matter of law in ruling that a three page document identified by the parties as a Real Estate Purchase Contract was a land contract pursuant to R.C. § 5313.02, where a[sic] document did not conform to the minimum statutory requirements.

{¶ 8} "2. The court erred in forfeiting the plaintiff-appellants' $2,500.00 deposit by ruling that the plaintiff-appellants were not tenants, but had defaulted on a land installment contract."

{¶ 9} Because appellants' assignments of error arise out of the trial court's ruling on a motion for summary judgment, we review the trial court's determination independently, and without deference. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. In conducting our review, we apply the same standard as did the trial court, *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765: In accordance with Civ.R. 56, summary judgment may be granted only if, viewing the evidence most strongly in favor of the nonmoving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 10} Appellants' first assignment of error asserts that the trial court erred in determining that the agreement constituted a land contract because it does not satisfy the requirements set forth in R.C. 5313.02. R.C. 5313.02 provides:

{¶ 11} "(A) Every land installment contract shall be executed in duplicate, and a copy of the contract shall be provided to the vendor and the vendee. The contract shall contain at least the following provisions:

{¶ 12} "(1) The full names and then current mailing addresses of all the parties to the contract;

{¶ 13} "(2) The date when the contract was signed by each party;

{¶ 14} "(3) A legal description of the property conveyed;

{¶ 15} "(4) The contract price of the property conveyed;

{¶ 16} "(5) Any charges or fees for services that are includable in the contract separate from the contract price;

{¶ 17} "(6) The amount of the vendee's down payment;

{¶ 18} "(7) The principal balance owed which is the sum of divisions (A)(4) and (5) less division (A)(6) of this section;

{¶ 19} "(8) The amount and due date of each installment payment;

{¶ 20} "(9) The interest rate on the unpaid balance and the method of computing the rate;

{¶ 21} "(10) A statement of any encumbrances against the property conveyed;

{¶ 22} "(11) A statement requiring the vendor to deliver a general warranty deed on completion of the contract, or another deed that is available when the vendor is legally unable to deliver a general warranty deed;

{¶ 23} "(12) A provision that the vendor provide evidence of title in accordance with the prevailing custom in the area in which the property is located;

{¶ 24} "(13) A provision that, if the vendor defaults on any mortgage on the property, the vendee can pay on that the [sic] mortgage and receive credit on the land installment contract;

{¶ 25} "(14) A provision that the vendor shall cause a copy of the contract to be recorded;

{¶ 26} "(15) A requirement that the vendee be responsible for the payment of taxes, assessments, and other charges against the property from the date of the contract, unless agreed to the contrary;

{¶ 27} "(16) A statement of any pending order of any public agency against the property.

{¶ 28} "(B) No vendor shall hold a mortgage on property sold by a land installment contract in an amount greater than the balance due under the contract, except a mortgage that covers real property in addition to the property that is the subject of the contract where the vendor has made written disclosure to the vendee of the amount of that the [sic] mortgage and the release price, if any, attributable to the property in question.

{¶ 29} "No vendor shall place a mortgage on the property in an amount greater than the balance due on the contract without the consent of the vendee.

{¶ 30} "(C) Within twenty days after a land installment contract has been signed by both the vendor and the vendee, the vendor shall cause a copy of the contract to be recorded as provided in section 5301.25 of the Revised Code and a copy of the contract to be delivered to the county auditor.

{¶ 31} "(D) Every land installment contract shall conform to the formalities required by law for the execution of deeds and mortgages. The vendor of any land installment contract that contains a metes and bounds legal description shall have that description reviewed by the county engineer. The county engineer shall indicate his approval of the description on the contract."

{¶ 32} Initially, the affidavits submitted by both parties in support of their respective motions for summary judgment indicate that it was their intent to

enter into a land contract when they executed the agreement at issue. In addition, the evidence is uncontroverted that after the agreement was signed, both parties acted consistently with the agreement being a land contract. In particular, appellants aver that they spent $1,180 repairing the subject property, while appellees aver that they were always ready, willing, and able to close on the property. Nonetheless, appellants contend that the agreement is not an enforceable land contract because it does not comply with all of the requirements of R.C. 5313.02.

{¶ 33} Despite the mandatory language of R.C. 5313.02, it is well established that a land contract may be held to be enforceable as between the parties even though it does not strictly comply with the requirements of R.C. 5313.02. *Real Flo Properties v. Kelly* (Dec. 17, 1999), Lucas App. No. L–99–1099, 1999 WL 1203751; *Shimko v. Marks* (1993), 91 Ohio App.3d 458, 632 N.E.2d 990. In the present case, the agreement actually complies with the vast majority of the requirements set forth in R.C. 5313.02. Specifically, the agreement contains the names of the parties, the date when it was signed, a legal description of the property to be conveyed, the contract price, a list of additional charges and fees, the amount of the vendees' down payment, and the amount of each installment payment. Further, appellants have not argued, let alone presented any evidence, that they were harmed by any deficiencies in the agreement.

{¶ 34} Given that the agreement substantially complies with the requirements of R.C. 5313.02 and the fact that the parties plainly intended to enter into a land contract when they executed the agreement, the trial court correctly determined that the document constituted an enforceable land contract. Appellants' first assignment of error is overruled.

{¶ 35} Appellants' second assignment of error challenges the trial court's conclusion that appellants forfeited their down payment when they defaulted on the land contract by failing to obtain financing and close on the property within two years. It is true that the parties' competing affidavits create a question of fact regarding whether appellants were unable to obtain financing to purchase the property or were still attempting to obtain financing when they were notified by appellees that the property would not be sold to them. However, the issue of whether appellants were unable to obtain financing is immaterial, as the evidence is uncontroverted that appellants failed to close on the property within the time required under the land contract. By its terms, the land contract required appellants to close on the property "in 2 years." Even when this term is liberally construed to mean that appellants were required to close on the property within two years of the latest possible date of possession, March 15, 1999, no genuine issue of material fact exists over whether appellants breached the agreement. According to appellants' own affidavit, appellants were still attempting to arrange

financing on the property in April 2001, more than 15 days after the latest possible date for closing on the property. Accordingly, the trial court did not err in ruling that appellants had forfeited their $2,500 down payment. See R.C. 5313.08 (providing that where a land contract has been in effect for less than five years, default by the vendee on any payment due under the contract may result in the forfeiture of the vendee's interest in the property and the return of the property to the vendor). Appellants' second assignment of error is overruled.

{¶ 36} Appellants' two assignments of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

PEGGY BRYANT and TYACK, JJ., concur.