[Cite as *OZ Property Mgt., Inc. v. Williams*, 2025-Ohio-318.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| OZ PROPERTY MANAGEMENT, INC., | : | |
| Appellant, | : | CASE NO. CA2024-07-088 |
| | : | O P I N I O N |
| - vs - | | 2/3/2025 |
| | : | |
| RENEE L. WILLIAMS, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. CVG2400550

Joseph R. Matejkovic, for appellant.


**PIPER, J.**

{¶ 1} Appellant, OZ Property Management, LLC ("OPM"), appeals the decision of the Middletown Municipal Court dismissing its complaint for eviction and money damages brought against its now former tenant, appellee, Renee L. Williams.[1] For the reasons outlined below, we affirm the trial court's decision to dismiss OPM's complaint in this case.

{¶ 2} On February 20, 2024, OPM filed a complaint for eviction and money damages against its then tenant, Williams, for property located in Middletown, Ohio that

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

Williams was leasing from OPM on a month-to-month basis. This lease required Williams to pay rent to OPM in the amount of $1,640 per month by, at the very latest, the fifth of each month. The complaint alleged that Williams had not paid rent for that month, February, and that Williams "may owe other balances arising from and related to their tenancy at the subject premises, such as pet fees, appliance rental, utility fees, repairs, extermination fees, early-termination fees, or other charges."

{¶ 3} On March 5, the trial court held a hearing on the matter. A trial court magistrate presided over this hearing. During this hearing, Williams testified that she had, in fact, paid OPM her monthly $1,640 rent on its due date, February 1, 2024. When confronted with this, OPM acknowledged that, yes, Williams had made a partial payment towards her rent and other arising balances that it had accepted from her. The magistrate, in fact, specifically asked OPM if Williams "made a partial payment that was acceptable," to which OPM's counsel responded, "yeah." Upon hearing this, the magistrate dismissed the case, stating that "you can't accept a partial [payment] and then file an eviction if your notice is for the month for which the partial [payment] was accepted." The magistrate thereafter issued an entry dismissing OPM's complaint upon finding the "[l]andlord," OPM, had "accepted partial payment of rent."

{¶ 4} On March 12, 2024, OPM requested the magistrate provide a document setting forth its findings of fact and conclusions of law. The magistrate issued its findings of fact and conclusions of law ten days later, on March 22, 2024. This included the magistrate noting its finding that OPM had "accepted" Williams' $1,640 rent payment "for the month of February," thereby establishing that Williams was "not delinquent in her rental obligation." OPM filed an objection to the magistrate's decision on April 5, 2024, which the trial court overruled in a decision filed on May 30, 2024. This included the trial court finding that "acceptance of a partial payment of rent renews the tenancy. Thus, the

landlord may not evict the tenant for nonpayment of rent for that month."

{¶ 5} On July 1, 2024, OPM filed a notice of appeal. Following briefing, on November 14, 2024, OPM's appeal was submitted to this court for consideration. OPM's appeal now properly before this court for decision, OPM has raised one assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT BY DISMISSING ITS COMPLAINT.

{¶ 7} In its single assignment of error, OPM argues the trial court erred by dismissing its complaint for eviction and money damages brought against Williams. To support this claim, OPM argues that it was error for the trial court to construe its acceptance of Williams' partial payment for the month of February as renewing her tenancy for that month. OPM, however, has not provided this court with any authority in support of such a position. Rather, OPM has instead provided this court with authority that does support the trial court. This includes a case from one municipal court that specifically determined a landlord's "acceptance of a partial rent payment" for a certain month negates the landlord's "right to evict" for that same month. *See Nutter v. Rhoades*, Licking M.C. No. 07CVG02622 (Oct. 15, 2007); *see also Jones v. Ranzy*, Shaker Heights M.C. No. 93 CVG 00904 (June 16, 1993) (holding that, absent notice of termination of the month-to-month tenancy, the landlord's "acceptance of the partial payment" for the month "resulted in a renewal of the tenancy for that month"). This makes sense for it is the landlord's acceptance of a partial payment *for the month* that forfeits any right the landlord may have had to evict the alleged non-paying tenant for the non-payment of rent for that month.

{¶ 8} OPM faults the above opinions for being issued by municipal or other lower-level courts as opposed to a decision from the Twelfth District or the Ohio Supreme Court.

However, we think it foolhardy to reject the reasoning of such cases simply because they were issued by courts otherwise not binding upon us. The non-binding nature of those courts is instead something that this court may consider when determining how much weight, if any, we should be giving to those cases. We are guided by a court's rationale to the application of law. Therefore, because we find no error in the trial court's decision finding OPM accepted Williams' partial rent payment *for the month* of February as full payment for that month, a fact which we agree prohibited OPM from moving forward with its complaint for eviction and money damages against Williams for that month, OPM's single assignment of error lacks merit and is overruled.[2] Said differently, a landlord who accepts rent for the current month jeopardizes a right to immediate restitution of the premises for non-payment of rent. Accordingly, having now overruled OPM's single assignment of error, OPM's appeal challenging the trial court's decision dismissing its complaint for eviction and money damages brought against its now former tenant, Williams, is denied.

{¶ 9} Judgment affirmed.

HENDRICKSON, J., concurs.

BYRNE, P.J., dissents.

**BYRNE, P.J., dissenting.**

{¶ 10} I respectfully dissent because, unlike the majority, I would find that OPM's

---

2. While the following dissent may appear reasonable on its face, restitution of premises to a landlord, thereby evicting a tenant of the right to possession, cannot take place if the landlord has accepted rent from the tenant for current possession. Here, the tenant, Williams, specifically stated that she had paid her current month's rent, a fact that her landlord, OPM, begrudgingly acknowledged that it had received and accepted as that month's rent payment. Thus, immediate possession of the premises was unenforceable. Williams may still owe damages to OPM for arrears. OPM, however, did not appeal the dismissal of its second cause of action, a judgment for damages, and therefore we do not address the merits of such an issue at this time.

acceptance of rent for February 2024 *did not* waive OPM's three-day notice to terminate William's tenancy. Instead of dismissing OPM's forcible entry and detainer action ("FED action"), the municipal court should have proceeded to address the merits of OPM's arguments.

## A. Factual and Procedural Background

{¶ 11} The testimony offered at the hearing regarding what Williams paid to OPM, when she paid, what amounts she allegedly still owed to OPM, and on what basis OPM believed she owed those amounts is unclear and undeveloped. However, the parties seem to agree that OPM accepted February rent from Williams on February 1, 2024. It is also undisputed that OPM later served Williams with a three-day notice to vacate on February 12, 2024. Critically, neither party alleges that OPM accepted any payments from Williams *after* OPM served the three-day notice.

{¶ 12} The three-day notice to vacate stated that Williams was being asked to leave the property for "failure to pay rent and other charges in-full and on-time." At the hearing, the combined testimony of OPM's representative and Williams suggests that OPM at the time believed Williams was delinquent in paying a maintenance or inspection fee and related late charges, which amounts were charged to her account in addition to her base rent. Williams disputed that she owed the additional fee and late charges.

{¶ 13} The trial court dismissed OPM's FED action on the basis that OPM's acceptance of Williams' February 1, 2024 rent payment was inconsistent with the three-day notice, and in fact served as a waiver of that notice.

## B. Legal Background

{¶ 14} A landlord may bring a forcible entry and detainer action against a tenant who has breached an obligation imposed upon them by a written rental agreement or has breached an obligation that is imposed by section 5321.05 of the Revised Code. R.C.

1923.02(A)(8) and (9). However, a landlord is first required to notify the tenant that they are being asked to leave the premises. R.C. 1923.04(A). If the tenant fails to vacate the premises within three days of receiving the notice to vacate, the landlord is then permitted to commence a forcible entry and detainer action against the tenant. R.C. 1923.04.

{¶ 15} In *Shimko v. Marks*, 91 Ohio App.3d 458 (1993), the Fifth District Court of Appeals explained that because a three-day notice is a "condition precedent" to a FED action under R.C. 1923.04, "the action has not properly commenced and it is reversible error for the trial court to proceed on the merits of the case" when that notice is waived by a landlord. *Id.* at 463. The Fifth District also noted that while the question of whether a landlord has waived the three-day notice is usually a fact question, the acceptance of future rent payments waives the notice as a matter of law. *Id.*, quoting *Associated Estates Corp. v. Bartell*, 24 Ohio App.3d 6, 9 (1985).

{¶ 16} We too have held that acceptance of *future* rent payments following service of the statutory three-day notice "'waives or invalidates the service of the statutory notice, and the landlord may therefore not proceed with a forcible entry and detainer action.'" *North Face Props., Inc. v. Lin*, 2013-Ohio-2281, ¶ 10 (12th Dist.), quoting *Bristol Court v. Jones*, 1994 WL 534920, *1 (4th Dist. Sept. 29, 1994). *Accord Premiere Mgt., L.L.C. v. Nutt*, 2010-Ohio-1255, ¶ 10 (3d Dist.) ("Courts have long held that a landlord waives notice to vacate where she accepts a partial or full payment of future rent after issuing the notice, and, thus, may not proceed with her forcible entry and detainer action").

{¶ 17} However, this court and others have previously noted that "[a] landlord *may* accept rent payments that were *due and owing*, or 'obligations already incurred,' at the time of the three-day notice without waiving such. (Emphasis added.) *North Face Props.*, 2013-Ohio-2281 at ¶ 10 (12th Dist.), citing *King v. Dolton*, 2003-Ohio-2423, ¶ 12 (9th Dist.) (same); *Sholiton Indus., Inc. v. Royal Arms, Ltd.*, 1999 WL 355898, *7 (2d Dist. June 4,

1999) (waiver of three-day notice based on inconsistency of accepting a future rent check after issuing the notice "does not extend to those situations where rent is accepted for obligations already incurred"); *Shimko*, 91 Ohio App.3d at 463, quoting *Bartell* at 9 ("The landlord does not waive the notice to vacate if, during pendency of the suit, the landlord accepts rent from a tenant in occupancy for liability already incurred"). (Cleaned up.)

{¶ 18} In other words, a landlord's acceptance of future rent payments after service of the three-day notice waives the three-day notice and requires a trial court to dismiss a FED action, but the landlord's acceptance of rent or other liabilities already occurred does not waive the three-day notice or require dismissal of the FED action as a matter of law.

## C. Analysis

{¶ 19} Because of the legal rules just described, timing is critical in this case. OPM accepted February rent from Williams on February 1, 2024. OPM later served Williams with the three-day notice to vacate on February 12, 2024. According to the authority cited above, OPM's acceptance of rent "due and owing" on February 1 did not waive the February 12 three-day notice, which was based on OPM's assertion that Williams owed rent, a maintenance or inspection fee, and late charges. As far as the record reveals, OPM never accepted a future rent payment from Williams after it issued the three-day notice. OPM therefore did not waive the three-day notice and did not deprive the municipal court of jurisdiction to address the merits of OPM's FED action. The trial court should have proceeded to address the merits of the FED action.[3]

{¶ 20} I do not find the two municipal court entries relied upon by the majority as persuasive. The *Nutter* entry merely states that the landlord's acceptance of "partial rent payment" for the month of September 2007 negated her right "to evict on the month of

---

3. I do not reach the question of how the trial court should have ruled on the merits of the FED action.

September." However, the *Nutter* entry does not specify the nature of the tenancy, or when the three-day notice was issued, or whether the payment that was accepted was for future rent after the issuance of the three-day notice. And no legal authority is cited in the entry.

{¶ 21} The *Jones* entry involved the landlord's acceptance of partial payment on a month-to-month oral tenancy. Rent was due in the amount of $485 per month. For the month of May 1993, the tenant paid $97 "sometime after May 1" and the landlord accepted this amount. Then on May 20, the landlord served the defendant with a three-day notice to vacate. The landlord then filed the eviction action on May 28, 1993.

{¶ 22} The municipal court found that the landlord had failed to prove proper notice of termination of a month-to-month tenancy under R.C. 5321.17(B). That statute sets forth that a landlord may terminate a month-to-month tenancy by notice given to the tenant at least 30 days prior to the periodic rental date. However, the court noted that partial payment accepted during the course of the month-to-month tenancy renewed that tenancy for an additional month, and therefore the tenant had not received 30 days notice prior to the filing of the eviction action.

{¶ 23} But R.C. 5321.17(B) is not applicable in the circumstances of this appeal. First, no party raised R.C. 5321.17(B) below and the trial court decision on appeal was not based on that statute. Second, OPM alleged in the complaint that its termination of Williams' tenancy was premised on a violation of the parties' rental agreement and a breach of Williams' obligations under R.C. 5321.05. R.C. 5321.17(D) provides that "[t]his section does not apply to a termination based on the breach of a condition of a rental agreement or the breach of a duty and obligation imposed by law."

{¶ 24} *Nutter* and *Jones* are inapplicable to this case.

{¶ 25} For these reasons, I would find that the municipal court erred in dismissing OPM's FED action. I would remand for the trial court to address the merits of OPM's FED action.

{¶ 26} I respectfully dissent.