NATIONAL CORPORATION FOR HOUSING PARTNERSHIPS, D.B.A. SPRING HILL APARTMENTS, APPELLEES, *v.* CHAPMAN, APPELLANT.

(No. 11612—Decided July 5, 1984.)

*Paul Rose,* for appellee.
*Dennis Nealon,* for appellant.

GEORGE, J. The defendant-appellant, Jeanette Chapman, appeals the judgment of the trial court granting the petition for forcible entry and detainer filed by plaintiff-appellee, National Corporation for Housing Partnerships, d.b.a. Spring Hill Apartments. This court affirms the judgment.

On May 7, 1983, Chapman entered into an agreement to rent an apartment from Spring Hill. The agreement required Chapman to pay a monthly rental of twenty-one dollars, due on the first day of each month. The United States Department of Housing and Urban Development (HUD) contracted with Spring Hill to provide assistance for several tenants, including Chapman.

On January 6, 1984, after Chapman failed to pay her January rent on time, Spring Hill served Chapman with a notice to vacate the premises. Spring Hill then filed an action in forcible entry and detainer for restitution of the premises.

A hearing was held before a referee of the municipal court. He found that Chapman had violated the rental agreement and recommended that a writ of restitution be issued for the premises. This recommendation was adopted by a judge of the municipal court. Chapman appeals raising the following assignment of error:

"The trial court lacked jurisdiction to grant plaintiff-appellee's petition for writ of restitution as plaintiff-appellee did not serve defendant-appellant with a valid, unwaived three day notice as required by Ohio Revised Code § 1923.04(A)."

The record reveals that during 1983, Chapman was late in her rent payments on four occasions. After receiving a warning, she failed to pay January's rent on time. She tendered her rent payment only after receiving the notice to vacate. Spring Hill refused to accept her payment. However, Spring Hill retained the subsidized portion of her rent received from HUD for the months of January and February of 1984. HUD paid ninety-three percent of the total monthly rental required for Chapman's occupancy under a separate agreement between HUD and Spring Hill. Chapman had a separate contract with Spring Hill requiring her to pay twenty-one dollars of the monthly rent. That was the amount determined to be proper in accordance with her income. It was her responsibility to honor this agreement.

Chapman argues that payments from HUD were made on her behalf. Because Spring Hill retained these payments, the notice to vacate was waived. As such, Spring Hill could not maintain a forcible entry and detainer action against her.

Generally, a landlord's acceptance of current or future rent payments from a tenant creates a continuation of the landlord-tenant relationship and bars a forcible entry and detainer action. *Graham* v. *Pavarini* (1983), 9 Ohio App. 3d 89, 92. In determining whether payments from HUD had the same legal effect as if they were payments made by Chapman, it is necessary to look at the terms of Chapman's contract, in addition to applicable federal regulations. Chapman's lease provides in part:

"* * * The Landlord may terminate this Agreement only for: (1) the Tenant's material noncompliance with the terms of this Agreement; * * *.

"Material noncompliance includes, but is not limited to, non-payment of rent * * *."

Thus, under this provision, Chapman's lease may be terminated for failing to pay her portion of the rent.

Further, according to the brief filed by Spring Hill, its contract with HUD was authorized under Section 886.02, Title 24, C.F.R. and Section 236.701, Ti-

tle 24, C.F.R. Thus, the relevant eviction provisions are set forth in Section 886.128, Title 24, C.F.R., as follows:

"(a) The Owner shall not evict the Family unless the Owner complies with the requirements of local law, if any, and of this section. The Owner shall give the Family a written notice of the proposed eviction, stating the grounds and advising the Family that it has 10 days (or such greater number, if any, that may be required by local law) within which to respond to the Owner."

While this provision does not expressly authorize eviction for a tenant's failure to pay rent, such authorization is found in other provisions concerning subsidized housing. Section 881.607, Title 24, C.F.R. Therefore, a tenant may be evicted for failing to pay rent or a portion of the rent even though the landlord has received partial payment in the form of federal housing assistance. See, generally, *Sandefur Co.* v. *Jones* (1982), 9 Ohio App. 3d 85.

The rent subsidy, while providing a personal benefit to a qualified tenant, such as Chapman, is not personal in the sense that it is her money. The fact that Spring Hill continued to receive the rent from HUD for Chapman's account does not entitle Chapman to avoid her contractual obligations.

Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.