WESTMINSTER CORPORATION,
Respondent,

v.

Elizabeth ANDERSON, Appellant.

No. C4-95-409.

Court of Appeals of Minnesota.

Aug. 29, 1995.

Review Denied Oct. 27, 1995.

Michael L. Weaver, Messerli & Kramer, P.A., Minneapolis, for respondent.

Robert J. Hartman, Steven J. Quam, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and HARTEN and SCHULTZ,* JJ.

## OPINION

HARTEN, Judge.

Respondent landlord brought an unlawful detainer action alleging that appellant tenant, a recipient of section 8 housing assistance, materially breached the lease prior to August 1994. The district court referee granted restitution judgment for respondent but subsequently vacated that judgment, concluding that respondent had waived its right to terminate appellant's lease by accepting housing assistance payments for the months up to, and including, September 1994. Upon review, the district court reversed the referee, concluding that the doctrine of waiver does not apply to a landlord's acceptance of public housing assistance payments. We affirm.

### FACTS

In April 1990, appellant Elizabeth Anderson and respondent Westminster Corporation (Westminster) entered into a section 8 housing lease agreement whereby Anderson would lease an apartment located in Edina.[1] Under the lease, Anderson

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Section 8 is a federally-assisted housing program administered by the Department of Housing and Urban Development (HUD). See 42 U.S.C. § 1437f (1988 § Supp. V 1993). Under the program, low-income tenants pay a portion of the total rent and the majority of the rent is paid by HUD (through the state agency). See id.

agreed to pay $51 per month rent and the Minnesota Housing Finance Agency (MHFA) would pay the remaining amounts due.[2] The lease agreement provided that Westminster could terminate the lease for material noncompliance.

On June 30, 1994, Westminster served notice of intent to terminate Anderson's lease for material noncompliance. On August 17, 1994, Westminster commenced an unlawful detainer action against Anderson. The district court referee concluded that Westminster proved that Anderson was in material noncompliance with her lease and ordered judgment for Westminster. Throughout the proceedings, and until September 1994, Westminster continued to receive housing assistance payments from MHFA.

Anderson subsequently moved for dismissal of Westminster's complaint on the ground that Westminster had waived its right to terminate her lease by accepting payments from MHFA after it knew of the material breaches. The district court referee eventually ordered judgment for Anderson. Westminster requested review and the district court reversed the referee's determination. Anderson challenges the district court judgment.

### ISSUE

Did the district court err by concluding that Westminster's acceptance of housing assistance payments after serving the termination notice on Anderson did not constitute waiver of Westminster's right to terminate Anderson's lease?

### ANALYSIS

Where the material facts are not in dispute, a reviewing court need not defer to the district court's application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). The parties agree that Westminster accepted housing assistance payments after the material breaches of the lease occurred and after it served the termination notice, but they disagree as to the correct application of the law to those facts. Accordingly, we review the case de novo.

*See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984) (a reviewing court is not bound by the district court's decision on a purely legal question); *In re Estate of Sangren*, 504 N.W.2d 786, 790 (Minn.App.1993) (the question of waiver may be decided as a matter of law where the facts are not in dispute), *pet. for rev. denied* (Minn. Oct. 28, 1993).

Anderson argues that the district court incorrectly determined that section 8 housing assistance payments are not "rent;" she cites language from the Low Income Housing Act and HUD regulations that she claims support her position. As Westminster points out, however, the real question here is not whether the housing payments are characterized as "rent" in the federal laws, but whether under state law, acceptance of housing assistance payments constitutes waiver of a landlord's right to terminate a lease for breaches that occurred prior to the acceptance of the payments. This is an issue of first impression in Minnesota.

The general rule in Minnesota is that a landlord who subsequently accepts rent from a tenant waives his right to rely on any known prior material breach of the lease as a basis for an unlawful detainer action against the tenant. *Parkin v. Fitzgerald*, 307 Minn. 423, 431, 240 N.W.2d 828, 833 (1976); *Priordale Mall Investors v. Farrington*, 411 N.W.2d 582, 584 (Minn.App.1987). Because we conclude that the relationship between landlord and public housing agency is significantly different from the relationship between landlord and tenant, we hold that the doctrine of waiver does not apply to a landlord's acceptance of housing assistance payments from a public housing agency.

Appellate courts in other jurisdictions agree. *See Midland Mgmnt. Co. v. Helgason*, 158 Ill.2d 98, 196 Ill.Dec. 671, 630 N.E.2d 836 (1994); *East Lake Mgmt. & Dev. Corp. v. Irvin*, 195 Ill.App.3d 196, 141 Ill.Dec. 279, 551 N.E.2d 272 (1990); *National Corp. for Housing Partnerships v. Chapman*, 18 Ohio App.3d 104, 481 N.E.2d 654 (1984). In *Midland*, the tenant and Midland entered into a written lease that was subsidized un-

**2.** The amount of rent to be paid by Anderson subsequently increased to $115 per month.

der section 8. 196 Ill.Dec. at 673, 630 N.E.2d at 838. Midland served upon the tenant a notice of termination for material breach on May 15, 1991, but continued to receive housing assistance payments through August 1991. *Id.* The Illinois Supreme Court concluded that the acceptance of housing assistance payments did not constitute rent and that the acceptance of the payments after notice of termination did not waive breach of the lease. *Id.* 196 Ill.Dec. at 676, 630 N.E.2d at 841. The court relied upon four basic grounds:

(1) Under the terms of the lease between Midland and the tenant, which controlled the parties' rights and obligations, the housing assistance payments were not defined or referred to as rent;

(2) HUD was not a party to the lease agreement, and it did not appear from the lease agreement that HUD obtained any possessory interest in the property;

(3) When a subsidized housing unit becomes vacant following the eviction of an eligible tenant, under the terms of the housing assistance contract, the landlord is entitled to continue to receive vacancy payments for 60 days (suggesting that the housing assistance payment flows with the rental unit, and not the section 8 tenant); and

(4) To characterize housing assistance payments as rent would effectively defeat HUD's interest in the development and availability of economically mixed housing for low-income families because landlords would be less apt to open their doors to low-income families and would seek to fill their vacancies with non-rent-assisted families.

*Id.* 196 Ill.Dec. at 674–76, 630 N.E.2d at 839–41.

■ The rationale of the Illinois Supreme Court supports our view that the landlord-tenant and the landlord-agency relationships differ inherently. We find *Midland* persuasive and relevant to the case before us. Here, the lease agreement between Westminster and Anderson does not refer to housing assistance payments as rent. Under the section entitled "Rent," the lease provides in part:

Tenant agrees to pay a rent of $51.00 per month. This amount is due on the 1st day of the month at Yorkdale Townhomes. The Tenant understands that this monthly rent is less than the market (unsubsidized) rent due on * * * this unit. This lower rent is available * * * because HUD makes monthly payments to the Landlord on behalf of the Tenant. The amount, if any, that HUD makes available monthly on behalf of the Tenant is called the tenant assistance payment.

Throughout the lease, HUD's payments are consistently identified as assistance payments. Additionally, HUD was not a party to the lease between Westminster and Anderson. The lease was signed only by Westminster and Anderson. There is no landlord-tenant relationship between HUD and Westminster.

Moreover, the regulation allowing HUD payment for vacant units for 60 days was in effect at the time the lease was signed; this suggests that assistance flows with the unit rather than the tenant. *See* 24 C.F.R. § 880.611 (1990). The regulations define "Housing Assistance Payment" as "[t]he payment made by the contract administrator to the Owner of an *assisted unit* as provided in the Contract;" this definition also supports an interpretation that the assistance flows with the unit. *See* 24 C.F.R. § 880.201 (1994) (emphasis added). Finally, the public policy considerations in *Midland* are also applicable here.

Appellant also argues that to apply the doctrine of waiver to non-assisted tenants but not to those receiving housing assistance would be unfair and that the law should be applied consistently to all tenants and landlords. We find this argument illusory. The issue before us involves the application of the doctrine of waiver where a landlord accepts section 8 housing assistance payment from a government agency. Appellant's fairness and consistency argument would better fit were the waiver doctrine applied differently to a landlord's acceptance of rent payment directly from an assisted tenant as against from an unassisted tenant—an issue not before us. Moreover, the real possibility that

applying the doctrine of waiver to section 8 payments will make landlords less inclined to lease to low-income tenants, would inevitably operate to disadvantage low-income tenants.

### DECISION

The district court properly determined that the doctrine of waiver did not apply to Westminster's acceptance of section 8 housing assistance payments.

**Affirmed.**