OPINION
{¶ 1} Defendant-appellant, Earl D. Passmore, appeals a judgment granted to plaintiff-appellee, Vienna Forest Apartments, in appellee's forcible entry and detainer action.
 {¶ 2} Appellee operates as a "Section 42" housing project under the Internal Revenue Code and receives income tax credits as an incentive for providing housing for low-income families and individuals. In this capacity, appellee accepts tenants receiving housing assistance from the United States Department of Housing and Urban Development ("HUD") under Section 8 of the United States Housing Act of 1937 ("Section 8"). See Section 1437f, Title 42, U.S.Code. Appellee receives a monthly subsidy check from a public housing agency for all tenants receiving Section 8 assistance. Each year, appellee requires these recipients to verify their income levels and eligibility for assistance.
 {¶ 3} The parties first entered a written one-year lease agreement in 2001. Appellant qualified for Section 8 assistance and appellee contracted with a Middletown housing agency which agreed to make monthly assistance payments on behalf of appellant during the lease. Although there was no evidence that appellee and the agency extended this contract after the first year, the agency continued to make payments on behalf of appellant, who remained eligible for Section 8 assistance.
 {¶ 4} The parties entered another written lease for the period beginning December 1, 2002, and ending November 30, 2003. During this lease period, appellee filed a forcible entry and detainer action against appellant in Middletown Municipal Court alleging untimely rent payments.
 {¶ 5} While that action was pending in municipal court, appellee attached a 30-day notice to vacate to the door of appellant's apartment on December 4, 2003. When appellant failed to vacate the apartment, appellee served a 3-day notice on appellant on January 7, 2004. The following day, the Middletown Municipal Court held that the timing of appellant's rent payments was an insufficient basis for an eviction and ruled in appellant's favor in the initial forcible entry and detainer action.
 {¶ 6} After appellant continued to refuse to leave the apartment, appellee filed a second forcible entry and detainer action in the Middletown Municipal Court based upon the expiration of the written lease on November 30, 2003, the 30-day notice served on December 4, 2003, and the 3-day notice served on January 7, 2004. The matter was subsequently transferred to the Butler County Court of Common Pleas because appellant filed a counterclaim that exceeded the municipal court's jurisdictional limits.
 {¶ 7} A magistrate heard the case and rendered judgment in favor of appellee. The trial court overruled appellant's objections to the magistrate's report and awarded restitution of the premises to appellee.
 {¶ 8} Appellant, proceeding pro se, appealed the trial court's judgment and presents the following assignments of error for review:
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "The trial court erred to rule defendant-appellant has a constitutionally protected interest in contintinued occupancy in federally subsidized housing without applying federal law, rules and regulations for eviction proceedings in a multifamily housing project secured by a mortage from Fannie Mae and has been granted section 42 status in conjunction with the lightc program [sic]."
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "The trialcourt [sic] erred in ruling that plaintiff-appellee complied with state and federal requirements prior to filing a complaint in forcible entry and detainer."
 {¶ 13} Assignment of Error No. 3:
 {¶ 14} "The trial court erred in ruling defendant-appellant as a holdover tenant in contradiction of the lease provision, which states that the landlord must give notice (30) days prior to the lease expiration date."
 {¶ 15} Assignment of Error No. 4:
 {¶ 16} "The trial court erred in ruling that the acceptance of rent from tenant is not in direct violation of the O.R.C. 1923.04 which waives the notice given to tenant to vacate the premises. As a result of this action based upon that notice must be dismissed."
 {¶ 17} In his first assignment of error, appellant claims he was denied his due process rights and a constitutional interest in continued occupancy of federally-subsidized housing.
 {¶ 18} Appellant's principal argument is that appellee violated his constitutional interest in continued occupancy of federally-subsidized housing. Ohio recognizes a tenant's constitutionally-protected interest to remain in federally subsidized housing. See, e.g., Gorsuch Homes,Inc. v. Wooten (1992), 73 Ohio App.3d 426. However, the federal regulation supporting this right, Section 247.3, Title 24, C.F.R., only applies to HUD-owned projects and those receiving project-based assistance from HUD. It is inapplicable in a situation where the landlord decides not to renew the tenancy of an individual receiving tenant-based Section 8 housing assistance. Section 247.1, Title 24, C.F.R.
 {¶ 19} Federal law prohibits a landlord from terminating the tenancy of a Section 8 recipient during the term of the lease. See Section 982, Title 24, C.F.R. Specifically, Section 982.310, Title 24, C.F.R., provides that a tenancy may not be terminated during the term of the lease except for serious violations of the lease, violations of federal, state, or local law imposing obligations on the tenant in connection with the occupancy of the premises, and other good cause. Consequently, the tenancy of those receiving tenant-based assistance may not be terminated during the lease term.
 {¶ 20} In the case at bar, appellee is not a HUD-owned project nor does appellee receive project-based assistance from HUD. Rather, appellee is a Section 42 complex providing housing to low-income individuals who receive Section 8 assistance from HUD. Appellant receives such tenant-based assistance, and at the end of his most recent one-year tenancy, appellee simply chose not to renew the lease. It did not evict or improperly terminate appellant's tenancy during the term of the lease.
 {¶ 21} Appellant was afforded adequate notice that the lease was not being renewed and the opportunity to be heard on appellee's action to recover possession of the premises. We accordingly conclude that appellant's due process rights were not violated. The first assignment of error is hereby overruled.
 {¶ 22} In his second assignment of error, appellant claims appellee failed to comply with applicable state law prior to filing its forcible entry and detainer action.
 {¶ 23} As noted, appellant's lease expired on November 30, 2003, and appellee elected not to renew the lease. Appellant submits that because appellee continued to received Section 8 housing payments on his behalf following the November 30 lease termination date, appellee was precluded from pursuing a forcible entry and detainer action.
 {¶ 24} Appellee receives one monthly check on behalf of all Section 8 tenants in its rental properties and could not instruct the public housing agency to withhold payment for any one individual tenant or group of tenants. Instead, appellee is required to accept payment on behalf of all its Section 8 tenants, including appellant, so long as an individual tenant is still on the property and the tenant's right to remain on the premises is questionable. See Section 982.311, Title 24, C.F.R. Thus, appellee's continued receipt of the Section 8 payment for appellant did not imply that it was continuing appellant's lease, nor did it provide appellant a right to remain on the premises.
 {¶ 25} Ohio law is clear that appellant is not entitled to remain on the premises for another year. "When the tenant holds over after the expiration of any year, the landlord has the option to treat him as a tenant for another year, or as a trespasser; and, unless there has been an election to treat him as a tenant, possession may be recovered by the landlord in an action of forcible detention, after the service of the three days' notice required by the statute." Gladwell v. Holcomb (1899),60 Ohio St. 427, paragraph two of the syllabus.
 {¶ 26} Appellee provided the requisite three-day notice once the term of the lease expired. Appellee elected to treat appellant as if he was holding over after the expiration of the lease and, by giving the requisite three-day notice under R.C. 1923.04, appellee complied with the applicable law before filing a forcible entry and detainer action.
 {¶ 27} For these reasons, appellant's second assignment of error is overruled.
 {¶ 28} In his third assignment of error, appellant claims the trial court erred when classifying him as a holdover tenant. Appellant claims the trial court should not have found him to be a holdover tenant and that the three-day notice was insufficient to warrant judgment in favor of appellee.
 {¶ 29} As noted in our discussion of the second assignment of error, appellant's lease had expired and the landlord elected not to renew the lease. Appellant continued to hold over in the premises after he was no longer legally entitled to remain there. Appellee provided the necessary legal notice to vacate prior to filing its action to recover the premises and the trial court committed no error in determining that appellant was a holdover tenant.
 {¶ 30} Appellant's third assignment of error is overruled.
 {¶ 31} In his final assignment of error, appellant claims the trial court erred by holding that appellee's acceptance of Section 8 payments does not constitute an election to continue the lease for another year.
 {¶ 32} Appellant submits that appellee waived its right to proceed on an action to recover the premises by continuing to accept Section 8 subsidy payments beyond the term of the lease.
 {¶ 33} Although appellee accepted a subsidy payment for appellant for at least one month beyond the term of the lease, as noted, federal regulations required the public housing authority to continue to make assistant payments in the tenantbased program after the termination of the lease and until the tenant actually leaves. Thus, appellee did not elect to continue appellant's tenancy by accepting Section 8 subsidies from a public housing authority on appellant's behalf. Appellee's action did not waive the necessary notice under R.C. 1923.04 or invalidate the forcible entry and detainer action.
 {¶ 34} Appellant's fourth assignment of error is overruled. Judgment affirmed.
Powell, P.J., and Young, J., concur.