[Cite as *Premiere Mgt., L.L.C. v. Nutt*, 2010-Ohio-1255.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

PREMIERE MANAGEMENT, LLC.,
SCIOTO VILLAGE,

    PLAINTIFF-APPELLANT,          CASE NO. 6-09-15

    v.

REBECCA NUTT,                O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Hardin County Municipal Court
Trial Court CVG 0900377

**Judgment Reversed and Cause Remanded**

Date of Decision:   March 29, 2010

APPEARANCES:

    *Amy L. Lambdin* for Appellant

    *Rebecca Nutt,* Appellee

**ROGERS, J.**

{¶1} Plaintiff-Appellant, Premiere Management, LLC ("Premiere"), appeals the judgment of the Hardin County Municipal Court dismissing its complaint for forcible entry and detainer and damages against Defendant-Appellee, Rebecca Nutt. On appeal, Premiere argues that the trial court erred by finding that its continued acceptance of government housing assistance payments subsequent to serving on Nutt a notice to leave the premises waived her breach of the lease and prevented it from proceeding with its action. Based upon the following, we reverse the judgment of the trial court.

{¶2} In May 2008, Premiere and Nutt entered into an agreement whereby Premiere agreed to lease Nutt an apartment at the Scioto Village Apartment Complex located in Hardin County, Ohio. The lease provided that it was subject to Rural Development Regulations and that rent would be no less than $315 nor more than $397 per month. Additionally, pursuant to a "Rent Notification" letter issued to Nutt in March 2009 by the Allen Metropolitan Housing Authority (hereinafter "Housing Authority"), the Housing Authority agreed to pay a "HAP [Housing Assistance Payment] Amount" of $222, and Nutt agreed to pay a "Tenant Amount" of $113 toward the total "Contract Rent" of $335.

{¶3} In July 2009, Premiere filed a petition in forcible entry and detainer and a claim for damages against Nutt, alleging that she failed to timely pay rent on

the apartment; that, on June 22, 2009, it served upon Nutt a written notice to leave the premises for breach of the rental agreement; and, that Nutt unlawfully and forcibly entered subsequent to the notice and continued to forcibly detain the premises from Premiere's possession. Consequently, Premiere requested possession of the premises, judgment for the reasonable value of repairs for any damages to the premises, judgment for $139 representing past-due rent, interest at a rate of 10% per annum, and court costs and attorney fees.

{¶4} In July 2009, the trial court held a civil eviction hearing. Connie Biddinger, manager of the Scioto Village Apartments and employee of Premiere Management, testified that Nutt failed to fulfill the terms and conditions of the lease agreement because she did not pay her rent for the months of May and June 2009; that Nutt attempted to tender partial payment after Premiere filed the eviction action, but she informed Nutt that she could not accept partial payment because it would result in dismissal of the eviction action; that she informed the Housing Authority that Nutt had not paid her rent; and, that she had no knowledge whether Premiere received a housing assistance payment from the Housing Authority on Nutt's behalf for the months of May, June, or July 2009.

{¶5} In August 2009, the trial court held another hearing. Premiere's attorney stipulated that it had, in fact, received payments from the Housing Authority on Nutt's behalf after filing the eviction action. Additionally, Cindy

Ring, the Housing Authority's Executive Director, testified that all of the housing assistance payments for twenty of Premiere's tenants, including Nutt, were placed on one check and directly and electronically deposited into Premiere's bank account, and the Housing Authority would then send Premiere a statement with a breakdown of the housing assistance payments; and, that the Housing Authority was responsible to make the housing assistance payments until the tenant actually vacated the premises, even if the tenant continued to occupy the premises after an eviction order. During this hearing, the trial court stated the following from the bench:

> **[TRIAL COURT]: * * * when we look at rent, while the tenant is normally liable for the payment of full rent, nothing in the law procludes [sic] the landlord of accepting partial payment, however he cannot use a partial payment as excuse to evict the tenant once he's accepted it. When we look at where that subsidy is, in part, rent or not rent, because an interpretation of the Court I believe, as to the contract and the information in regards to that. If you refer to your exhibit "B" [March 2009 Rent Notification letter] filed in your complaint, contract rent is three hundred and thirty-five dollars. * * * So, it's, it is called rent, by your own agreement, contract rent, so they were receiving partial payments during that time of contract rent. * * ***

(Aug. 2009 Hearing, p. 2).

{¶6} In September 2009, the trial court issued the following findings of fact and conclusions of law, in pertinent part:

> **(1)  The parties entered into a written lease agreement on May 20, 2008 which called for rent in the amount of $315.00 per month;**
> **(2)  The Allen Metropolitan Housing Authority agreed to pay to Plaintiff the sum of $222.00 per month for partial payment towards Defendant's monthly obligation (Exhibit B – from complaint);**
> **(3)  In June of 2009 Defendant fail [sic] to pay her share of rent;**
> **(4)  However Plaintiff has received and kept the payment from the Allen Metropolitan Housing Authority on a monthly basis through the month of August**
> **\* \* \***
> **(9)  The Plaintiff has received and kept partial rent for June, July and August of 2009 and they have waived their right to proceed on their complaint filed with this Court on July 7, 2009.**

(Sep. 2009 Findings of Fact Conclusions of Law and Entry, pp. 1-2).  Thereafter, the trial court denied Premiere's request for restitution of the premises.

**{¶7}**  It is from this judgment that Premiere appeals, presenting the following assignment of error for our review.

> **THE TRIAL COURT ERRED BY FINDING THAT APPELLANT'S CONTINUED ACCEPTANCE OF HOUSING ASSISTANCE PAYMENTS SUBSEQUENT TO SERVING A NOTICE TO LEAVE PREMISES CONSTITUTED WAIVER OF THE BREACH OF THE LEASE AS A MATTER OF LAW.**

**{¶8}**  In its sole assignment of error, Premiere argues that the trial court erred when it found that Premiere's acceptance of housing assistance payments subsequent to its serving Nutt with a notice to leave the premises amounted to a waiver of Nutt's breach of the lease.  Specifically, Premiere argues that the

housing assistance payments did not constitute "rent", for which partial acceptance bars a forcible entry and detainer action. We agree.

**{¶9}** Premiere argues that the housing assistance contract between Nutt and the United States Department of Housing and Urban Development (hereinafter "HUD") specified that the monthly housing assistance payment as of March 10, 2009, was $222 per month, with the tenant paying the remaining $113 as "rent"; that, during the pendency of the forcible entry and detainer action, Premiere continued to receive housing assistance payments from the Housing Authority; that the housing assistance payments for twenty tenants, including Nutt, were consolidated and paid via a single check directly and electronically deposited into Premiere's bank account on a monthly basis; that the trial court erroneously found that the payments constituted acceptance of partial rent, for which Premiere could not evict Nutt; that the trial court wrongly based its decision that the payments were "rent" on the letter to Nutt from the Housing Authority that referred to the housing assistance payment as part of the total "rental amount"; that Section 1437f, Title 42, U.S. Code, which governs the federal housing assistance program, does not define "rent," but uses that term only in reference to the amount paid by the assisted low-income parties; that the trial court's interpretation of the term "rent" is inconsistent with the Supreme Court of Ohio's definition of the term; and, that at least one other court has found that assistance payments do not

constitute rent where that interpretation is inconsistent with the lease agreement, citing *Midland Management Co. v. Helgason* (1994), 158 Ill.2d 98, 103, 630 N.E.2d 836.

{¶10} A landlord may bring a forcible entry and detainer action against a tenant who defaults on payment of rent. R.C. 1923.02(A)(2). However, a landlord is first required to notify the tenant that she is being asked to leave the premises. R.C. 1923.02(B) and 1923.04(A). If the tenant fails to vacate the premises within three days of receiving the notice to vacate, the landlord is then permitted to commence a forcible entry and detainer action against the tenant. R.C. 1923.04. If the landlord waives the notice to vacate, the trial court lacks jurisdiction to proceed with the action. *Shimko v. Marks* (1993), 91 Ohio App.3d 458, 463. Courts have long held that a landlord waives notice to vacate where she accepts a partial or full payment of future rent after issuing the notice, and, thus, may not proceed with her forcible entry and detainer action. *Wingate at Belle Meadows v. Higgenbotham*, 179 Ohio App.3d 645, 2008-Ohio-6229; *Classic A Properties v. Brown*, 4th Dist. No. 02CA2868, 2003-Ohio-5850; *Gary Crim, Inc. v. Rios* (1996), 114 Ohio App.3d 433, 436; *Shimko*, 91 Ohio App.3d at 463; *Country Squire Apartments v. Morales*, 6th Dist. No. 91WD096, 1992 WL 185679; *Graham v. Pavarini* (1983), 9 Ohio App.3d 89, 92.

{¶11} Several Ohio courts have held that a landlord's acceptance of a housing assistance payment from government housing authorities does not constitute a waiver of notice to vacate, and thus, it does not prevent the trial court from proceeding on the forcible entry and detainer action because a housing assistance payment does not constitute the payment of "rent" by the tenant.

{¶12} In *Vienna Forest Apartments v. Passmore*, 12th Dist No. CA2004-05-104, 2005-Ohio-2368, the Twelfth Appellate District examined a situation where the defendant-tenant was receiving housing assistance payments from HUD under Section 1437f, Title 42, U.S. Code, administered through a local housing agency. The plaintiff-landlord filed a forcible entry and detainer action against the tenant alleging untimely payment of rent, which the trial court dismissed. On appeal, the landlord argued that the trial court erred in ruling that the landlord's acceptance of housing assistance payments from HUD on the tenant's behalf constituted acceptance of rent, waiving the notice requirements of R.C. 1923.04 and requiring dismissal of the action. The evidence demonstrated that the landlord received one monthly check on behalf of all of its tenants receiving government housing assistance and was, in fact, required to accept payment on behalf of a tenant as long as the tenant remained in the housing, and his right to remain there was questionable. Based on these facts, the Twelfth District concluded that the landlord's acceptance of government housing assistance payments made on the

tenant's behalf for payment of future rent did not waive the notice requirements of R.C. 1923.04 or invalidate the action in forcible entry and detainer. 2005-Ohio-2368, at ¶33.

{¶13} The Ninth Appellate District examined a similar situation in *Natl. Corp. for Hous. Partnership, d.b.a. Spring Hill Apartments v. Chapman* (1984), 18 Ohio App.3d 104. In *Chapman*, the defendant-tenant also received housing assistance through HUD for housing she leased from the plaintiff-landlord, Spring Hill. Spring Hill eventually filed a forcible entry and detainer action after the tenant failed to make timely rent payments. The tenant appealed from the trial court's judgment in Spring Hill's favor, arguing that, because Spring Hill accepted payments from HUD that were made on her behalf, it waived the notice to vacate under R.C. 1923.04, and the trial court lacked jurisdiction to decide the action. The Ninth District reasoned that, in determining whether the housing assistance payments from HUD had the same legal effect as rental payments made by the tenant, it was necessary to examine the terms of the lease as well as the federal regulations. The Ninth District then found that the terms of the lease permitted the landlord to terminate the lease for the tenant's failure to pay rent; that no part of the applicable federal regulations prohibited a landlord from evicting a tenant for failing to pay rent or a portion of the rent even if the landlord had received partial payment via a federal housing assistance payment; and, that "[t]he rent subsidy,

while providing a personal benefit to a qualified tenant * * *, is not personal in the sense that it is [the tenant's] money." 18 Ohio App.3d at 106. For these reasons, the court concluded that the landlord had not waived notice and the trial court had jurisdiction to proceed with the forcible entry and detainer action.

{¶14} In contrast to *Passmore* and *Chapman*, supra, the Fourth Appellate District has found that, where a tenant's rent is fully subsidized by the federal government, the housing assistance payments are essentially "rent" paid to the landlord on the tenant's behalf, and a landlord's acceptance of these payments for future rent waives the notice requirement under R.C. 1923.04 and prevents the landlord from proceeding with her forcible entry and detainer action. *Classic A Properties*, 2003-Ohio-5850, at ¶26, appeal not allowed by 101 Ohio St.3d 1468, 2004-Ohio-819.

{¶15} We note that, as discussed in Premiere's brief, the Supreme Court of Illinois has reached a decision similar to *Passmore* and *Chapman*, supra. In *Midland Management Co. v. Helgason* (1994), 158 Ill.2d 98, 630 N.E.2d 836, the defendant-tenant's rent was subsidized under Section 1437f, Title 42, U.S. Code, administered through a housing agency that made housing assistance payments on his behalf. The plaintiff-landlord eventually served the tenant with a notice of termination of the lease and a forcible entry and detainer action due to the tenant's failure to pay for damages he caused to the premises. The tenant failed to vacate

the premises and the landlord continued to receive housing assistance payments under HUD for several months. The trial court found that the landlord's acceptance of the housing assistance payments constituted acceptance of rent and waived the tenant's breach of the lease, leaving the trial court without jurisdiction to proceed on the detainer action, which the appellate court affirmed. Thereafter, the Supreme Court of Illinois reversed, finding that the housing assistance payments did not constitute "rent" for purposes of waiver of the notice to vacate requirements. The Court cited *Chapman*, supra, for what it characterized as the most compelling reason—that HUD was not a party to the lease agreement between the tenant and landlord and that there was no contention that the tenant was a party to the housing assistance contract between HUD and the landlord. Additionally the Court based its decision on further reasoning: (1) that the housing assistance payments were neither defined nor referred to as "rent" in the lease agreement; (2) that "[r]ent is given in consideration of a lease," a lease gives rise to a landlord-tenant relationship, that possession and control of the premises must pass to the tenant, and, that the lease at issue did not demonstrate that HUD acquired any possessory interest in the premises; (3) that, pursuant to Section 1437f, Title 42, U.S. Code, a landlord is entitled to receive housing assistance payments even for a vacant premises under certain conditions, which indicates "that the housing assistance payment flows with the rental unit, and not the

Section 8 tenant" and that "the housing assistance payment contract, unlike a lease, survives the landlord-tenant relationship"; and, (4) that the characterization of housing assistance payments as rent for purposes of waiver of breach would be inconsistent with HUD's goal of providing housing for low-income families because it could make landlords reluctant to lease a premises to a tenant receiving such payments. 158 Ill.2d at 105-106. See, also, *Westminster Corp. v. Anderson* (1995), Minn. App. No. C4-95-409, 536 N.W.2d 340 (finding that "the doctrine of waiver does not apply to a landlord's acceptance of public housing assistance payments").

{¶16} Initially, we note that the housing assistance contract to which Premiere refers in its argument was appended to Premiere's appellate brief and reflects that, in March 2009, Nutt entered into a "Housing Assistance Payments Contract" pursuant to Section 1437f, Title 42, U.S. Code, the Tenant-Based Assistance Housing Choice Voucher Program administered by HUD. However, this document was not made a part of the record and, consequently, is not properly before us. Accordingly, we may not consider the housing assistance contract in our analysis of Premiere's arguments. See *Bank One Lima, N.A. v. Altenburger* (1992), 84 Ohio App.3d 250, 256, citing *Paulin v. Midland Mut. Life Ins. Co.* (1974), 37 Ohio St.2d 109.

{¶17} Page 8, paragraph 26, of the lease between Premiere and Nutt provides, in pertinent part, that "If Tenant (1) fails to pay any rent or other charges within 10 days of the due date hereunder * * * Landlord shall have the option and right to terminate this Lease and Tenant's right to occupy the Apartment, and Landlord shall be permitted to evict Tenant and repossess the Apartment by any lawful means." The lease does not define "rent" nor is that term used to refer to housing assistance payments. HUD was not made part of the lease, and it does not appear that Premiere endorsed the "Rent Notification" letter issued to Nutt by the Housing Authority in March 2009 that indicated the "contract rent" of $335 included the $222 housing assistance payment.

{¶18} We find that, as stated in *Chapman*, while the housing assistance payment provided a personal benefit to Nutt, it was not "personal" in the sense that it was Nutt's money. See *Chapman*, 18 Ohio App.3d at 106. Further, we cannot find that the letter issued unilaterally by the Housing Authority to Nutt modified the lease between Premier and Nutt in that it characterized the housing assistance payments as "rent." Additionally, similar to *Passmore*, the evidence demonstrated that Premiere received one lump monthly payment on behalf of twenty of its tenants receiving government housing assistance payments, directly and electronically deposited into its bank account. Further, as in *Passmore* and *Helgason*, evidence was heard that Premiere was, in fact, entitled to receive

payments on behalf of a tenant for so long as she occupied the housing, regardless of the eviction action against her. We are persuaded by the reasoning in *Passmore*, *Chapman*, and *Helgason*, as applied to the facts of this case, that Premiere's acceptance of government housing assistance payments did not constitute a waiver of the notice to vacate and bar its forcible entry and detainer action, because the housing assistance payments did not constitute the payment of "rent" by Nutt.

{¶19} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**
**/jlr**