[Cite as *FirstKey Homes v. Howard-McClain*, 2025-Ohio-2624.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| FIRSTKEY HOMES OF OHIO, LLC, AS AGENT FOR FKH SFR PROPCO B HLD, LP, | : | |
| | : | CASE NO. CA2025-03-022 |
| Appellee, | : | OPINION AND JUDGMENT ENTRY 7/28/2025 |
| | : | |
| - vs - | : | |
| | : | |
| JUANITA HOWARD-McCLAIN, et al., | : | |
| Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. CVG 2500106

Heyman Law, LLC, and Matthew W. Faber, and D. Andrew Heyman, for appellee.

Robert Howard-McClain, pro se, and Juanita Howard-McClain, pro se.

# **O P I N I O N**

**PIPER, J.**

{¶ 1} Appellants, Robert Howard-McClain and Juanita Howard-McClain (hereinafter, the "Howard-McClains"), appeal the decision issued by the Butler County Area II Court granting the forcible entry and detainer action filed by appellee, FirstKey

Homes of Ohio, LLC, as Agent for FKH SFR PropCo B HLD, LP ("FirstKey").[1] For the reasons outlined below, we affirm the area court's decision.

{¶ 2}  On January 31, 2025, FirstKey filed with the area court a complaint for forcible entry and detainer against the Howard-McClains. FirstKey's complaint requested restitution and recovery of the property the Howard-McClains had been renting located at 4399 Cody Brook Drive, Liberty Township, Butler County, Ohio. FirstKey attached to its complaint a copy of the notice of eviction it had provided to the Howard-McClains on December 12, 2024, wherein FirstKey alleged the Howard-McClains had failed to pay their rent and were now delinquent in the amount of $6,542.91, thereby requiring the Howard-McCains to either pay their rent or vacate the property to avoid eviction proceedings being initiated against them.

{¶ 3}  On February 5, 2025, the Howard-McClains, appearing pro se, filed with the area court an answer to FirstKey's complaint. The Howard-McClains' answer, much of it dealing with the UCC and SEC filings regarding asset-backed securities, spanned a total of 165 pages. That same day, the Howard-McClains, this time appearing "in propria persona, as the living man and woman, and no pro se," as "secured parties" and "beneficial interest holders" within the "ROBERT HOWARD-MCCLAIN TRUST," filed with the common pleas court a complaint against FirstKey.

{¶ 4}  Within their complaint, the Howard-McCains requested the common pleas court grant them declaratory judgment affirming that they, "as secured parties and trust beneficiaries," were entitled to retain possession of the property they had been renting from FirstKey. The Howard-McClains also requested the common pleas court issue an injunction restraining FirstKey from proceeding with their eviction from the property "until

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

proof of lawful standing" was provided.

{¶ 5} On February 14, 2025, the area court held a hearing on the matter. Both Howard-McClains appeared at this hearing. Robert Howard-McClain, in fact, testified at the hearing. Four days later, on February 18, 2025, FirstKey filed with the common pleas court a motion to dismiss the Howard-McClains' complaint against it. FirstKey filed this motion pursuant to Civ.R. 12(B)(1) and the jurisdictional-priority rule. The common pleas court subsequently granted FirstKey's motion to dismiss the Howard-McClains' complaint finding that, pursuant to the jurisdictional-priority rule, it lacked subject-matter jurisdiction to proceed. The court determined that this matter was first filed in the area court. The Howard-McClains have not appealed from that decision.

{¶ 6} On February 21, 2025, the area court held another hearing where it issued a decision ordering the Howard-McClains to vacate the property within three days. Later that day, the Howard-McClains filed with the area court a motion to stay pending review by a "higher court." The Howard-McClains also filed with the area court two purported "PRIVATE REGISTERED BOND[S] FOR DISCHARGE & SETTLEMENT" in the amounts of $25,000,000,000 and $50,000 to fully settle and discharge "any and all obligations associated with the alleged claim in this eviction matter." FirstKey did not accept the Howard-McClains' settlement offer.

{¶ 7} On February 24, 2025, the Howard-McClains filed with the area court a document titled "FINAL NOTICE OF FRAUDULENT CONVEYANCE & PROCEDURAL DEFICIENCY." The following day, on February 25, 2025, the Howard-McClains filed another document with the area court titled "NOTICE OF VOID JUDGMENT FOR LACK OF JURISDICTION." This is in addition to the Howard-McClains filing with the area court a document titled "DEMAND FOR LEDGER ADJUSTMENT & CORRECTION OF FINANCIAL RECORDS." Within these three filings, the Howard-McCains threatened the

sheriff, the area court judge, and the clerk of courts, among others, that each of them would be held personally liable and subject to significant "financial damages" of up to $2,000,000 per violation if they allowed the "unlawful eviction" against them to go forward.

{¶ 8} On February 26, 2025, the Howard-McClains filed a notice of appeal from the area court's decision granting FirstKey's complaint for forcible entry and detainer. Later that day, the area court granted the Howard-McClains' previously filed motion to stay pending review by a "higher court." The area court conditioned the stay, however, on the Howard-McClains posting of a supersedeas bond in the amount of $10,000 by March 31, 2025. The Howard-McClains never posted the required supersedeas bond and the stay was thereafter lifted by the area court on April 3, 2025.

{¶ 9} On June 11, 2025, the Howard-McClains' appeal was submitted to this court for consideration. The Howard-McClains' appeal now properly before this court for decision. They have raised six assignments of error for review. For ease of discussion, we will address the Howard-McClains' first and second assignments of error together. We will do the same for the Howard-McClains' third and fourth assignments of error.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED BY FAILING TO PROPERLY ADDRESS THE EXPRESSED APPELLANT'S SPECIAL APPEARANCE AND CHALLENGE TO JURISDICTION.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED BY PROCEEDING WITHOUT RULING ON SUBJECT MATTER OR PERSONAL JURISDICTION.

{¶ 14} In their first and second assignments of error, the Howard-McClains argue the area court erred and "proceeded unlawfully" by "assuming jurisdiction" over this forcible entry and detainer action without first holding a hearing or accepting evidence on

- 4 -

the matter. We disagree.

{¶ 15} "An action of forcible entry and detainer is an action at law used to resolve disputes regarding the present possession of real property." *Abarzua v. Johnson*, 2022-Ohio-277, ¶ 9 (9th Dist.). "In Ohio, R.C. Chapter 1923 governs forcible entry and detainer actions." *Middletown Park Realty, LLC v. Bar BQ Junction, Inc.*, 2010-Ohio-2171, ¶ 12 (12th Dist.). Pursuant to R.C. 1923.01(A), authority to rule on a forcible entry and detainer action is vested in "any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction . . . ."

{¶ 16} The property at issue in this case, 4399 Cody Brook Drive, Liberty Township, Butler County, Ohio, is located within the area court's proper area of jurisdiction. The Howard-McClains were served with notice of their eviction as required by R.C. 1923.04 and appeared before the area court for the two hearings held on the matter. Therefore, because the area court had both subject-matter and personal jurisdiction to proceed over this forcible entry and detainer action filed by FirstKey in this case, the Howard-McClains' first and second assignments of error lack merit and are overruled.

{¶ 17} Assignment of Error No. 3:

{¶ 18} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS DESPITE THE SECURITIZATION OF THE LEASE AND CONCURRENT EQUITABLE LITIGATION.

{¶ 19} Assignment of Error No. 4:

{¶ 20} THE COURT ERRED BY REFUSING TO CONSIDER THE DISCHARGE AND INDEMNITY BOND AND UCC FILINGS SUBMITTED AS LAWFUL SETTLEMENT.

{¶ 21} In their third and fourth assignment of error, the Howard-McClains argue the area court violated "due process and commercial fairness" by failing to accept their "lawful

tender" of discharge and indemnity bonds valued at $25,000,000,000 and $50,000, which, according to the Howard-McClains, should have relieved them of their obligation to pay rent to FirstKey and/or absolved them from any liability for past due rent that they still owed to FirstKey. To support this claim, the Howard-McClains cite to UCC 3-603. However, UCC 3-603 involves negotiable instruments and the discharge of obligations owed by an "indorser or accommodation party having a right of recourse." This is a forcible entry and detainer action that does not involve a negotiable instrument. The Howard-McClains' reliance on UCC 3-603 is therefore misplaced.

{¶ 22} In so holding, we note that the Howard-McClains are not relieved of their obligation to pay rent to FirstKey and/or absolved from liability for past due rent that they still owed to FirstKey based upon their making of a settlement offer to FirstKey. *See New Falls Corp. v. Pierson*, 2014-Ohio-567 (12th Dist.). As we stated in *Pierson*:

> Article 3 of the UCC does not apply in the present case as Article 3 only involves negotiable instruments. . . In particular, UCC 3-603 involves the discharge of obligations owed by an "indorser or accommodation party having a right of recourse." Since this case involves a complaint for foreclosure caused by Michael Pierson's failure to satisfy a judgment lien on the Piersons' real property, those provisions are inapplicable. This foreclosure action does not involve a negotiable instrument. The Piersons were not relieved of their liability to pay their debts based on the making of a settlement offer.

*Id.* at ¶ 17. The same reasoning applies here.

{¶ 23} We also note that, despite the Howard-McClains' initial assertions, based on the principles underlying the jurisdictional-priority rule, the area court did not lose jurisdiction to rule on this matter when the Howard-McClains filed suit against FirstKey in the court of common pleas. *See Triton Servs., Inc. v. Reed*, 2016-Ohio-7838, ¶ 8 (12th Dist.) ("[t]he jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to

adjudicate the whole issue and settle the rights of the parties"). There is also no evidence to support the Howard-McClains' suggestion that the lease they entered into with FirstKey had been "securitized" and transformed into a "securitized financial interest," thereby providing the Howard-McClains with an "equitable claim through trust interest" that "falls under trust and equity law."

{¶ 24} Therefore, because this is a simple forcible entry and detainer action that does not involve the application of UCC 3-603 or any purported "securitized financial interest," and because the area court retained jurisdiction to rule on this matter even after the Howard-McClains filed suit against FirstKey in the common pleas court, the Howard-McClains third and fourth assignments of error also lack merit and are overruled.

{¶ 25} Assignment of Error No. 5:

{¶ 26} THE TRIAL COURT VIOLATED DUE PROCESS BY IGNORING DOCUMENTARY EVIDENCE AND DENYING EQUITABLE REMEDY WITHOUT LAWFUL CAUSE.

{¶ 27} In their fifth assignment of error, the Howard-McClains argue the area court violated their due process rights by failing to rule on "key motions," ignoring "valid evidence," and issuing a "judgment in a summary fashion" without addressing "lawfully presented commercial remedies." Due process, however, merely requires notice and the opportunity to be heard. This holds true even in forcible entry and detainer actions such as this. *See, e.g., Compass West Apartments v. Cassano*, 1991 Ohio App. LEXIS 843, *6 (Feb. 26, 1991) (7th Dist.) (finding due process was afforded to appellants in a forcible entry and detainer action where, based on the record properly before the appellate court, it was "obvious" that appellants "had notice of the grounds for the complaint being filed, as well as an opportunity to be heard").

{¶ 28} The Howard-McClains' due process rights were not violated in this case

because they were provided notice and an opportunity to be heard. *See Vienna Forest Apts. v. Passmore*, 2005-Ohio-2368, ¶ 21 (12th Dist.) ("Appellant was afforded adequate notice that the lease was not being renewed and the opportunity to be heard on appellee's action to recover possession of the premises. We accordingly conclude that appellant's due process rights were not violated."). This court in *Passmore* concluded that appellant's due process rights were not violated. Therefore, because the Howard-McClains were afforded with all the due process protections they were entitled to under the law, the Howard-McClains' fifth assignment of error likewise lacks merit and is overruled.

{¶ 29} Assignment of Error No. 6:

{¶ 30} THE TRIAL COURT FAILED TO SWEAR IN THE APPELLANT BEFORE TAKING STATEMENTS.

{¶ 31} In their sixth assignment of error, the Howard-McClains argue the area court committed reversible error by failing to administer an oath to Mr. Howard-McClain prior to him testifying before the area court. However, the Howard-McClains never objected to the area court's omission.

{¶ 32} It is well established that "'[e]rrors that are not brought to the attention of the trial court through objection or otherwise are waived and may not be raised on appeal.'" *Walters v. Middletown Properties Co.*, 2002-Ohio-3730, ¶ 17, fn. 1 (12th Dist.), quoting *Gates v. Owens-Corning Fiberglass Corp.*, 1997 Ohio App. LEXIS 4448, *5 (Oct. 3, 1997) (1st Dist.). "This includes the omission of the administration of the oath to a witness." *Highfield v. Highfield*, 2013-Ohio-3466, ¶ 8 (6th Dist.), citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41 (1975), syllabus. "'This is because the failure to administer an oath can easily be corrected at the time.'" *Stainfield v. Jefferson Emergency Rescue Dist.*, 2010-Ohio-2282, ¶ 27 (11th Dist.), quoting *State v. Norman*, 137 Ohio App.3d 184, 198 (1st Dist.1999).

{¶ 33} Therefore, "an attorney may not fail to object and then cite the lack of an oath as error." *Id.* "If that were possible, the remainder of the trial would be a 'free play.'" *Id.* The same holds true for those appealing pro se. *Everbank Mtge. Co. v. Sparks*, 2012-Ohio-886, ¶ 8 (12th Dist.) (noting that individuals appealing pro se are "bound by the same rules and procedures as licensed attorneys"). Accordingly, while unsworn testimony should generally not be admitted as evidence, *see Thompson v. Cannon*, 2015-Ohio-2893, ¶ 38 (12th Dist.), because the Howard-McClains waived this issue on appeal, the Howard-McClains' sixth assignment of error similarly lacks merit and is overruled.

{¶ 34} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Area II Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Melena S. Siebert, Judge